## 21171

The STATE, Respondent, v. Steven H. CUTLER, Appellant.

(264 S. E. (2d) 420)

*Staff Atty. Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

March 18, 1980.

*Per Curiam:*

Appellant pleaded guilty to armed robbery and was sentenced to ten (10) years under S. C. Code § 16-11-330(1). The lower court held that although appellant was twenty years old when he committed the crime, he was ineligible to be sentenced under the Youthful Offenders Act (S. C. Code § 24-19-10 *et seq.*) because he was twenty-one years old when convicted of the crime. We affirm.

South Carolina Code § 16-11-330(1) states in part:

*Provided,* that any person under the age of twenty-one sentenced under the provisions of Chapter 19 of Title 24 (the Youthful Offenders Act) for the crime of armed robbery shall receive and serve a minimum sentence of at least three years, no part of which shall be suspended.

Appellant argues that this language is ambiguous; it can be interpreted to mean that the Youthful Offenders Act may be applied to anyone who was less

than twenty-one years old when the crime was committed; or that the Youthful Offenders Act may be used to sentence anyone who was less than twenty-one when convicted of the crime. Under general rules of statutory construction, a penal statute is construed strictly against the State and in favor of the defendant. *See* cases collected in West's S. C. Digest, *Statutes,* Key No. 241(1). Appellant therefore argues that he can be sentenced as a youthful offender.

In making the foregoing argument, appellant has failed to give effect to the next paragraph of S. C. Code § 16-11-330(1). That paragraph states:

*Provided,* further, that notwithstanding any other provision of law, no person between the ages of twenty-one and twenty-five who is *convicted* of the crime of armed robbery may be sentenced under the provisions of Chapter 19 of Title 24 (the Youthful Offenders Act). [Emphasis added].

This paragraph, when construed with its preceding paragraph, clarifies any ambiguity. The phrase "who is convicted of the crime of armed robbery" modifies the word "person" in that sentence. The intent of this statute is clearly that the age at conviction determine whether or not one may be sentenced as a youthful offender. This interpretation is augmented by the definition of youthful offender contained in S. C. Code § 24-19-10(d). There, youthful offender is defined as "all male and female offenders who are seventeen but less than twenty-five years of age *at the time of conviction.*" (Emphasis added.)

The Youthful Offenders Act is a general statute which applies to anyone who is between the ages of seventeen and twenty-five when convicted of a crime. S. C. Code § 24-19-50 (1976); *Creel v. State,* 262 S. C. 558, 206 S. E. (2d) 825 (1974). The armed robbery statute specifically provides anyone between the ages of twenty-one and twenty-five when convicted of armed robbery may not be treated as a youthful offender. Under general rules of statutory construction, where there is a conflict between a

general statute and a specific statute, the specific statute prevails. *See* cases collected in West's S. C. Digest, *Statutes,* Key No. 223.4.

Based on the preceding analysis, we hold that a person who is twenty-one years or more at the time he is convicted of armed robbery may not be sentenced under the provisions of the Youthful Offenders Act. Therefore, the judgment of the lower court is affirmed.