## 21496

ROBERT TRENT JONES, INC., Respondent, v. B-F LIMITED PARTNERSHIP, Charles Lawrence Fielden, and Paul L. Kimberlin, individually and as general partners of B-F Limited Partnership, Defendants, of whom Paul L. Kimberlin, individually and as general partner of B-F Limited Partnership, is Appellant.

NEWGOLF, INC., Respondent, v. B-F LIMITED PARTNERSHIP, Charles Lawrence Fielden, and Paul L. Kimberlin, individually and as general partners of B-F Limited Partnership, Defendants, of whom Paul L. Kimberlin, individually and as general partner of B-F Limited Partnership, is Appellant.

(279 S. E. (2d) 613)

*John C. Thompson,* of *Thompson, Henry & Lovelace,* Conway, *for appellant.*

*David R. Gravely,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondents.*

June 18, 1981.

NESS, Justice:

Appellant Paul L. Kimberlin appeals from an order directing him to sell his one share in Kimper, Inc. with the proceeds to be applied toward satisfaction of a judgment against him as a partner in B-F Limited Partnership. We reverse.

The facts in this case are undisputed. Kimberlin became a general partner in B-F Limited Partnership, after it had executed promissory notes with respondent Jones. Default judgments were obtained against all the defendants of whom Kimberlin is appellant. After the sole assets of B-F Limited were sold at public auction and *nulla bona* return made by the sheriff of Horry County on the assets of Kimberlin, a supplemental proceeding was instituted against Kimberlin to satisfy the judgment out of non-partnership assets. Kimberlin asserted his liability as a general partner was limited to partnership assets pursuant to S. C. Code § 33-41- 390 (1976). The trial judge held Kimberlin was estopped from raising this code section, as it is an affirmative defense and must be plead in an answer or is waived.

The sole issue is whether § 33-41-390 acts as a bar to liability or whether it merely limits recovery to partnership assets.

In construing a statute, the language should be given its plain and ordinary meaning. *Worthington v. Belcher,* 274 S. C. 366, 264 S. E. (2d) 148 (1980). Section 33-41-390 provides:

"A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a part-

ner when such obligations were incurred, *except that this liability shall be satisfied only out of partnership property."* (Emphasis added.)

We conclude the plain language of the code section does not bar liability on the part of an incoming partner, rather it merely limits recovery to partnership assets. Moreover, courts of this State are required to take judicial notice of the public laws or statutes. *State v. Broad River Power Co., et al.,* 177 S. C. 240, 181 S. E. 41 (1935). We hold the debt, in any event, can only be satisfied out of the partnership properties in accordance with S. C. Code § 33-41-390 (1976).

The order of the trial court directing Kimberlin to sell one share of Kimper, Inc., a non-partnership asset, to satisfy the partnership debt is reversed.

Reversed.

Lewis, C. J., and Littlejohn, Gregory and Harwell, JJ., concur.