21933

The STATE, Respondent, v. James Howard SIMMONS, Jr., Clinton Daniels & Ernest Brantley Cumbee, III, Appellants.

(303 S. E. (2d) 857)

*Moss, Bailey, Dore & Jessee*, Beaufort, *for appellants.*

*State Atty. Carolyn M. Adams*, Columbia, *for respondent.*

June 6, 1983.

*Per Curiam:*

The appellants were convicted in absentia of night hunting at the January 1982 term of the Court of General Sessions for Beaufort County. They then made timely motions for a new trial, alleging they were afforded no notice that the grand jury true billed an indictment against them or that their case had been scheduled for trial. After a hearing, the motions were denied. The issue on appeal is whether the lower court erred in finding that the appellants were afforded notice that they were to be tried at the January 1982 term of court. We reverse and remand for a new trial because the lower court's finding is without evidentiary support.

The appellants were arrested for night hunting on November 30, 1981, and they were released by appearance recognizance bonds on December 1. The release forms contained a provision ordering each appellant to appear for trial on December 14. Between December 1 and December 14, however, the appellants requested a preliminary hearing, which was held on December 18. The presiding magistrate at the preliminary hearing dismissed the cases and discharged the appellants. Nevertheless, the cases were submitted to the grand jury on January 25, 1982, which true billed an indictment against the appellants. Trial was held on January 27, and the appellants were convicted in absentia. The appellants did not retain counsel until after the trial.

The lower court based its denial of the motions for a new trial upon the erroneous factual assumption that the release forms directed the appellants to appear at the January 1982 term of court, rather than the December date actually specified. In passing, we note that the lower court judge appears to have subsequently recognized his error. In settling the record on appeal, he ordered that the Statement of the case include the fact that no notice was "ever" afforded the appellants that the cases had been submitted to the grand jury or that the trial had been scheduled for the January 1982 term.

The granting or refusal of a motion for a new trial is within the discretion of the trial judge and will not be disturbed absent a clear abuse of discretion. *State v. Quillien,* 263 S. C. 87, 207 S. E. (2d) 814 (1974). Where a discre-

tionary order is based on factual conclusions, it will not be disturbed unless without evidentiary support. *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980). Here, the judge's finding that the release forms ordered the appellants to appear at the January 1982 term of court is without evidentiary support. As the Statement of the case reflects, the record is in all respects void of evidence to support a finding that appellants were afforded notice of the indictment or trial. Under these facts, the resulting convictions in absentia cannot stand. *Brewer v. South Carolina State Highway Dept.*, 261 S. C. 52, 198 S. E. (2d) 256 (1973). The judge in the exercise of his discretion should have granted the motions for a new trial, and his refusal to do so was error.

Reversed and remanded for a new trial.