0546

The STATE, Respondent, v. Timothy Dewayne COX, Appellant.

(335 S. E. (2d) 809)

Court of Appeals

*Chief Atty. William Isaac Diggs*, of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Attys. Susan A. Lake* and *Norman Mark Rapopert*, Columbia, and *Sol. William B. Traxler, Jr.*, Greenville, *for respondent.*

Heard April 23, 1985.

Decided Aug. 28, 1985.

GARDNER, Judge:

Richard Armstrong allegedly employed appellant Cox to kill Gary Eades. In return for his turning state's evidence, Armstrong was promised and in fact tried only as an accessory before and after the fact. The trials, over objection by Cox, were consolidated. Evidence was adduced which indicated on the one hand that Armstrong killed Eades; on the other hand Armstrong and his son testified that Cox killed Eades. Armstrong was convicted of accessory before and after the fact; Cox of murder. Cox appeals; we reverse.

## FACTS

We review the facts as presented by the State. Richard Armstrong testified that he employed Cox[1] to kill Gary Eades, who according to the record was the husband of Armstrong's lover. Previous to the murder, Armstrong says he offered Cox $100 to kill Eades and he quibbled over the price. Mrs. Eades developed some hickeys around her neck and upper body and told Armstrong that her husband was responsible. Armstrong testified he became jealous and then

---

[1] Armstrong's testimony is ambiguous about this; he testified that he expected Cox just to rough up Eades and that when Cox told him of the murder, he told Cox "you played hell."

called Cox and told him to do what he had to do. At any rate, the victim was killed with a shotgun.

Armstrong almost immediately confessed to the police and told them the facts above stated. He also told the police that the murder weapon, a shotgun, was in the trunk of Cox's automobile; Armstrong accompanied the police to Cox's regular place of residence, ostensibly to arrest Cox, who had been temporarily living at Armstrong's house. Cox's car was parked in front of his home, but Cox was not there. The police apprehended Cox at Armstrong's house and then read his *Miranda* rights to him. Cox replied, "I'll tell you about it when I talk to my lawyer." Sometime later a police officer said to Cox: "Richard Armstrong told me that the ... shotgun that was used to shoot the Eades boy with is in the trunk of your automobile; is it there?" Cox responded, "Yes, sir, it's there." The police officer then said, "Well, you can ... if you are willing, you can give us permission or consent to search, or we can go obtain a search warrant." Cox consented and the shotgun was found in the trunk. The car was at Cox's regular home at the time; the officers went to Cox's home, found the car there and confiscated a shotgun they found in the trunk of the car. Cox moved to suppress both the testimony of the conversation after he was given a reading of his *Miranda* rights and the search of the automobile.

Turning to the trial of the case, Cox asserts error in the following jury charge:

> Now, as to these indictments, as to Timothy Dewayne Cox, it can either be one of two verdicts, guilty or not guilty. As to Richard James Armstrong, if you find the defendant, Timothy Cox, not guilty, you cannot have an accomplice, therefore this would be not guilty, by law.

Timely objection was made to this charge.

The two issues presented are whether (1) Cox's rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution were violated and (2) the above-quoted charge was erroneous and so prejudicial as to require reversal.

## I.

We first hold that Cox effectively asserted his right to counsel before the police put the question to him about the gun and its location in his automobile which was parked in his front yard. The law relating to admissions and questioning after a defendant has exercised his right to counsel was well summarized in *State v. Henderson (Paul Jacob)*, 334 S. E. (2d) 519 (1985) as follows:

> The United States Supreme Court in *Edwards v. Arizona*, 451 U. S. 477, 101 S. Ct. 1880, 68 L. Ed. (2d) 378 (1981), held that once the right to counsel is asserted, questioning of a suspect must cease until counsel is either obtained for the suspect or retained by him. *See United States v. Cherry*, 733 F. (2d) 1124 (5th Cir. 1984). Only in instances in which the suspect initiates subsequent conversations or communication with the investigating authority is a waiver of the right to counsel possible. *Oregon v. Bradshaw*, 462 U. S. 1039, 103 S. Ct. 2830, 77 L. Ed. (2d) 405 (1983). The Supreme Court in *Edwards* "established a *per se* rule that if a conversation is initiated by the police, a valid waiver is impossible." 2 W. E. Ringel, *Searches & Seizures, Arrest and Confessions* § 28.5 at 28-25 (2d ed. 1985); *see Solem v. Stumes*, 104 U. S. 1338, 104 S. Ct. 1338, 79 L. Ed. (2d) 579 (1984); *United States v. Cherry, supra.*

Under these authorities, we hold that the questioning of Cox about his automobile and the gun, under the circumstances reviewed, was violative of his rights under the Fifth and Sixth Amendments to the U. S. Constitution.

In spite of the above ruling, we hold that the information, in and of itself, received about where the gun was did not taint the search of the automobile. Armstrong had already told the police where the gun was; this is a clear application of the independent source rule, which cleanses the search of the "fruit of the poisonous tree" argument. *Wong Sun v. United States*, 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. (2d) 441 (1963) and *Nix v. Williams*, ____ U. S. ____, 104 S. Ct. 2501, 81 L. Ed. (2d) 377 (1984). Because the independent source rule is applicable to this case, the obtaining of knowledge of the location of the gun

by unconstitutionally questioning Cox was harmless error. But this only applies to the question of whether the search was tainted because of the "poisonous tree" doctrine. As noted above it cannot be considered as a waiver of Cox's protection against illegal searches proscribed by the Fourth Amendment to the United States Constitution.

Our Supreme Court has recognized that the privacy ■ interests in an automobile are constitutionally protected; however, by a long line of decisions, the U. S. Supreme Court has held that when a vehicle is on a highway or is capable of that use or found stationary in a place *not regularly used for residential purposes*, there is a justification for a vehicle exception to warrant requirements based upon exigency because of the mobility of the automobile and also because of lessened expectancy of privacy as to one's automobile. *California v. Carney*, _____ U. S. _____, 105 S. Ct. 2066, 85 L. Ed. (2d) 406 (1985). The case law pertaining to searches of automobiles is reviewed in detail in *Carney*, but *Carney* holds that these exceptions to warrant requirements do not apply to an automobile found at a place used for residential purposes — temporary or otherwise — by the defendant. Stated differently, an automobile found parked at a person's home is protected from warrantless searches by the Fourth Amendment to the U. S. Constitution.

In the case before us, the automobile was parked in ■ the yard of Cox's regular residence and as such was protected from warrantless searches by the Fourth Amendment to the U. S. Constitution.

We do not rule upon the complained of charge because upon retrial, the charge will be inapplicable. We do observe, however, that though the charge is technically proper in trials of accessories before the fact and the principal felon, it hardly meets muster in this case as to due process because Armstrong, according to the state's case, was not an accessory before the fact, but rather, a principal in the murder. The propriety of the charge, under the peculiar circumstances of this case, is, we think, questionable.

For the foregoing reasons, the judgment below is reversed and remanded for a trial *de novo* of Cox.

Reversed and remanded.

BELL, J., concurring separately.

CURETON, J., concurring in result only.

BELL, Judge (concurring):

I agree that Cox is entitled to a new trial. However, I vote to reverse solely on the ground that the jury charge was erroneous and prejudicial. In order to convict Armstrong as an accessory to murder, it was only necessary for the jury to find that a murder had been committed by a principal felon. *State v. Massey*, 267 S. C. 432, 229 S. E. (2d) 332 (1976) (accessory before or after the fact may be convicted even though the principal has not been convicted or has been acquitted). It was error to charge, in effect, that a particular defendant, Cox, must be convicted before Armstrong, who had confessed his guilt to the jury, could be found guilty.