23966

The STATE, Appellant/Respondent v. Charlie Dorn SMITH,
Respondent/Appellant.

(447 S.E. (2d) 175)

Supreme Court

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for appellant/respondent.*

*E. Leroy Nettles, Sr., Michael G. Nettles,* and *Marian D. Nettles,* of *Nettles, Turbeville, and Reddeck,* Lake City, *for respondent/appellant.*

Heard April 5, 1994.

Dec. Dec. 13, 1994.

*Per Curiam:*

The State appeals a new trial granted to Charlie Dorn Smith (Smith) on his conviction for accessory before the fact of murder. Smith appeals his conviction for solicitation. We affirm the grant of a new trial and reverse the solicitation conviction.

Smith was a co-defendant of Roger Dewitt (Bill) Prince. See *State v. Prince,* 447 S.E. (2d) 177 (S.C.S.St. 1993).

## FACTS

The reader is referred to our opinion in *State v. Prince, supra,* for a review of all the evidence. Smith, Prince, and Mc-

Cray were tried jointly for the murder of Mr. Graham and related crimes. The relevant admissible facts against Smith were that he had a motive to kill Mr. Graham, that he twice asked witness Andrews, "What would it take to take care of somebody?" and that six months later, Mr. Graham was murdered.

## ISSUES

### A. STATE'S APPEAL

Was it proper to grant a new trial on Smith's conviction for accessory before the fact of murder?

### B. SMITH'S APPEAL

1. Was there sufficient evidence to sustain Smith's conviction for solicitation?
2. Did the court lack jurisdiction as to the solicitation charge?

## DISCUSSION

### A. STATE'S APPEAL

The State argues that the trial judge abused his discretion in granting a new trial on Smith's conviction for accessory before the fact of murder. We disagree.

It is well settled that the grant or refusal of a new trial is within the discretion of the trial judge and will not be disturbed on appeal absent a clear abuse of that discretion. *State v. Simmons,* 279 S.C. 165, 303 S.E. (2d) 857 (1983). Where there is no evidence to support a conviction, an order granting a new trial should be upheld. *State v. Miller,* 287 S.C. 280, 337 S.E. (2d) 883 (1985), *appeal after remand,* 289 S.C. 426, 346 S.E. (2d) 705 (1986). This Court can affirm for any reason appearing in the record. Rule 220(c), SCACR.

Accessory before the fact of murder requires a showing that the accused: (1) either advised and agreed, urged, or in some way aided some other person to commit the offense; (2) was not present when the offense was committed; and (3) that some principal committed the crime. *State v. Farne,* 190 S.C. 75, 1 S.E. (2d) 912 (1939). The State need only prove that *some* principal committed the crime at the behest of the accessory. *State v. Cox,* 287 S.C. 260, 335

S.E. (2d) 809 (Ct. App. 1985), *affirmed as modified*, 290 S.C. 489, 351 S.E. (2d) 570 (1986); *see also State v. Massey*, 267 S.C. 432, 229 S.E. (2d) 332 (1976). The trial judge granted Smith a new trial because he found the State's evidence insufficient to show a principal killed Mr. Graham. We disagree. *See State v. Prince, supra.*

We affirm the trial judge's ruling, however, since we ■ find that there was insufficient evidence to sustain the jury's conviction of Smith for accessory before the fact of murder.[1] The State's evidence fails to show that Smith procured the murder of Mr. Graham. Although there is some evidence that Smith discussed a possible murder with Andrews, there is no connection between this discussion and Mr. Graham's subsequent murder. Moreover, although there is sufficient evidence of the corpus delicti of the murder, there is no evidence that a principal committed this murder *on behalf of Smith.*

Accordingly, we affirm the granting of Smith's motion for a new trial on accessory before the fact of murder. Rule 220(c), *supra; State v. Miller, supra.*

## B. *SMITH'S APPEAL*

### 1. *Solicitation*

Smith contends the State's evidence was insufficient to submit the solicitation count to the jury and that the trial judge erred in denying his directed verdict motion. We agree.

Solicitation is a common law offense whereby "it is only ■ necessary that the actor, with intent that another person commit a crime, have enticed, advised, invited, ordered, or otherwise encouraged that person to commit a crime. The crime solicited need not be committed." 74 Op. Atty. Gen. at 328. *See also State v. Bowers*, 35 S.C. 262, 14 S.E. 488 (1892); *State v. Furr*, 292 N.C. 711, 235 S.E. (2d) 193 (1977). A directed verdict is properly denied where there is any substantial evidence which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. *Brown v. State*, 307 S.C. 465, 415 S.E. (2d) 811

---

[1]Although we conclude there was no evidence to support the accessory count, Smith did not appeal the denial of his directed verdict motion. Consequently, the only relief we can afford him is to uphold the new trial order.

(1992); *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888 (1989).

The State's theory was that Smith solicited Andrews to commit a murder. Asking a person "What would it take to take care of somebody" is insufficient evidence of solicitation as a matter of law. Smith was entitled to a directed verdict. *Brown v. State, supra; State v. Edwards, supra.*

## 2. *Jurisdiction*

Smith argues that, based upon a defective indictment, the trial court lacked jurisdiction over the solicitation charge. We need not reach this issue in light of our conclusion Smith was entitled to a directed verdict on this count.

Accordingly, we reverse Smith's conviction for solicitation and affirm the granting of a new trial on the conviction for accessory before the fact. This matter is remanded for further proceedings.

Affirmed in part; reversed in part.