327 S.C. 220 (1997)
489 S.E.2d 467
Philip S. PORTER, Consumer Advocate for the State of South Carolina, Appellant,
v.
SOUTH CAROLINA PUBLIC SERVICE COMMISSION and AT & T Communications of the Southern States, Inc., Respondents.
No. 24669.
Supreme Court of South Carolina.
Heard May 21, 1997.
Decided August 11, 1997.
*221 Phillip S. Porter, Nancy Vaughn Coombs, and Elliott F. Elam, Jr., Columbia, for appellant.
F. David Butler and Florence P. Belser, Columbia, for respondent S.C. Public Service Commission, and Francis P. Mood and Joseph D. Clark, both of Sinkler and Boyd, Columbia, for respondent AT & T Communications of the Southern States, Inc.
*222 WALLER, Justice:
This appeal involves an order of the Public Service Commission (PSC) which removed price caps for certain business services provided by AT & T. We affirm.

FACTS
Subsequent to AT & T's divestiture in 1983, the PSC issued Order #84-622 regulating interexchange telephone carriers (IXCs) and setting forth price caps. In 1995, AT & T filed a petition pursuant to S.C.Code Ann. § 58-9-585 (Supp.1994) seeking alternative regulation for certain of its services,[1] and requesting, inter alia, PSC to declare these services competitive and remove price caps therefrom. By Order # 95-1734, PSC found the "substantial evidence of record does not show... that AT & T's services for which it seeks alternative regulation are competitive." Nonetheless, PSC found "the competitive forces demonstrated did warrant modification of the existing process" and removal of the price caps. PSC modified the existing rate structure to provide the maximum rate requirements would be removed provided AT & T filed tariffs which reflect average toll rates within South Carolina. The modification was implemented on a trial basis. The circuit court affirmed the PSC; the Consumer Advocate appeals.

ISSUE
Did the PSC act within its authority in removing the rate caps?

DISCUSSION
The Consumer Advocate contends that, once PSC determined that AT & T had failed to prove its services were "competitive" within the meaning of section 58-9-585, PSC was without authority to remove the rate caps. We disagree. We find PSC had authority to modify Order # 84-622 pursuant to both § 58-9-585(D), and its general powers under § 58-9-720 (1976) and 58-3-140 (1976).
S.C.Code Ann. § 58-9-585 provides, in pertinent part:

*223 (A) Notwithstanding any other provision of this chapter, the commission, on the request of an interexchange telecommunications carrier or on its own motion, may consider, in lieu of the procedures outlined in this chapter, alternative means of regulating that carrier. If the commission first determines, after notice and hearing, that the substantial evidence of record shows that a particular service is competitive in the relevant geographic market, the commission may implement regulatory alternatives including, but not limited to, the provisions outlined in this section.
(B) If the commission determines that an interexchange telecommunications carrier service is competitive, the commission shall not fix or prescribe the rates, tolls, charges, or rate structures for that service....
(D) For an interexchange telecommunications carrier service found to be noncompetitive, the commission may implement other regulatory alternatives including, but not limited to, price caps. (Emphasis supplied).
Under the literal terms of § 58-9-585, PSC is authorized to implement regulatory alternatives regardless of whether it finds a service competitive or noncompetitive. Compare subsections (A) & (D). Although subsection (A) appears to require a finding of "competitiveness" prior to implementation of an "alternative means of regulation," subsection (D) clearly permits PSC to implement alternative regulatory means, "including, but not limited to" price caps, notwithstanding a lack of competitiveness. Clearly, this language permits, but does not require PSC to utilize rate caps. Further, nothing in this statute, or in any other section of Chapter 9 of Title 58, requires PSC to implement or retain rate caps. The only absolute mandate under § 58-9-585 is found in subsection (B), which prohibits rate caps upon a finding of competitiveness. As nothing in the statute requires rate caps, PSC clearly had authority to remove them under subsection (D).[2]
In addition to its authority under § 58-9-585, PSC relies upon § 58-9-720 and § 58-3-140 as general authority for its *224 modification of Order # 84-622. We agree with PSC, and the circuit court, that these sections are consistent with PSC's powers under § 58-9-585.
Sections 58-3-140 (1976) and 58-9-720 (1976) vest PSC with broad general powers to "supervise and regulate the rates and service" of every public utility (§ 58-3-140) and to fix "just and reasonable classifications, regulations, practices or service to be furnished, imposed, observed and followed by any or all telephone utilities ..."(§ 58-9-720). Order # 84-622, setting forth rate caps, was implemented pursuant to PSC's general powers under Sections 58-3-140 (1976) and 58-9-720 (1976). Since nothing in § 58-9-585 requires PSC to set rate caps, we find these statutes, together with § 58-9-585, permit PSC to alter the procedures previously set forth by it in Order # 84-622.[3]Hamm v. AT & T, 302 S.C. 210, 394 S.E.2d 842 (1990) (PSC may modify or amend its own orders after notice and an opportunity to be heard). Cf. Heater of Seabrook v. PSC, 324 S.C. 56, 63-65, 478 S.E.2d 826, 830 (1996) (South Carolina law does not require Commission to use any particular pricesetting methodology).
[6] Finally, Consumer Advocate contends that interested parties were not on notice that Order # 84-622 might be modified. We disagree.
*225 AT & T's petition, although requesting relief under section 58-9-585, clearly requested a removal of price caps. Since the only thing requiring price caps was Order # 84-622, any modification of price caps pursuant to the statute would, of necessity, require a modification of Order 84-622. This Court has recognized that, pursuant to its authority under § 58-9-1200 (1976), the PSC may modify or amend its own orders after notice and an opportunity to be heard. Hamm v. AT & T, supra. Although a modification of Order # 84-622 was not specifically pled by AT & T, it did specifically request a removal of price caps. This was sufficient to put Consumer Advocate on notice that a modification of Order # 84-622 would be required if price caps were removed. Cf. GTE Sprint Comm'n v. PSC, 288 S.C. 174, 341 S.E.2d 126 (1986)(prior PSC order sufficient to give notice of standards upon which PSC would base decision).
AFFIRMED.
FINNEY, C.J., TOAL and MOORE, JJ., and GEORGE T. GREGORY, Jr., Acting Associate Justice, concur.
NOTES
[1] The services in question were business long distance services, consumer card and operator services.
[2] Although PSC did not rely on this section for its modification, § 58-9-585 was the sole basis for relief asserted by AT & T. This Court may take judicial notice of a statute, Robert Trent Jones, Inc. v. B-F Limited Partnership, 276 S.C. 469, 279 S.E.2d 613 (1981), and may affirm for any reason appearing in the record. State v. Smith, 316 S.C. 53, 447 S.E.2d 175 (1993); Rule 220(A), SCACR.
[3] The Consumer Advocate contends that § 58-9-585, being the more recent and specific legislation, controls. See State v. Brown, 317 S.C. 55, 451 S.E.2d 888 (1994); Whiteside v. Cherokee County School District No. One, 311 S.C. 335, 428 S.E.2d 886 (1993). However, this rule of statutory construction comes into play only when there is a conflict between the statutes. See Williams v. Town of Hilton Head, 311 S.C. 417, 429 S.E.2d 802 (1993)(where it is not possible to harmonize two statutes, the later legislation supersedes the earlier enactment). Where two statutes can be reconciled and are susceptible of a construction which will render both operative without doing violence to either, it is the duty of the court to so construe them. Here, there is no conflict between the statutes and, accordingly, they may be harmonized.

Further, since PSC acted within its authority pursuant to these sections, it did not, as the Consumer Advocate contends, exceed its statutory authority under § 1-23-380(A)(6)(b) & (c) of the Administrative Procedures Act.