597 S.E.2d 787

**Andreas FERNANDERS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25832.**

Supreme Court of South Carolina.

Submitted April 21, 2004.

Decided June 1, 2004.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald Zelenka, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for petitioner.

Assistant Appellate Defender Eleanor Duffy Cleary, of the South Carolina Office of Appellate Defense, of Columbia, for respondent.

Justice MOORE:

We granted certiorari to determine whether the post-conviction relief (PCR) court erred by granting respondent relief on three charges of possession of a pistol by a person convicted of a crime of violence.  We reverse.

## FACTS

Respondent pled guilty to second offense trafficking in crack cocaine, possession of a weapon during the commission of a violent crime, two counts of third offense possession with intent to distribute (PWID) marijuana, three counts of possession of a pistol by a person convicted of a crime of violence, third offense PWID crack cocaine, third offense simple posses-

sion of marijuana, and third offense PWID cocaine.[1] Respondent's direct appeal was dismissed by the Court of Appeals after an *Anders* review. *State v. Fernanders,* Op. No.2000–UP–304 (S.C. Ct.App. filed April 25, 2000).

Following a PCR hearing, the PCR court granted respondent's application in part and denied it in part. Only the State's petition for a writ of certiorari was granted.

## ISSUE

Did the PCR court err by granting respondent relief on three charges of possession of a pistol by a person convicted of a crime of violence?

## DISCUSSION

Respondent pled guilty to three counts of possession of a pistol by a person convicted of a crime of violence pursuant to S.C.Code Ann. § 16–23–30(e) (2003). The prior violent crime on which these charges were based was a strong arm robbery[2] conviction from 1997.

The PCR court found the prior strong arm robbery was not a crime of violence. Accordingly, he found counsel was ineffective because there was no factual basis for the plea, and he vacated the sentences on the three charges of possession of a pistol by a person convicted of a crime of violence.

South Carolina Code Ann. § 16–1–60 (2003) lists crimes classified as violent "[f]or purposes of definition under South Carolina law." Section 16–1–60 indicates that only those offenses specifically enumerated are considered violent offenses. Strong arm robbery is not listed as a violent offense in § 16–1–60. However, under S.C.Code Ann. § 16–23–10(c)

---

1. Respondent was sentenced to imprisonment for thirty years for trafficking in crack cocaine and to concurrent imprisonment terms for the remaining charges. He received concurrent five year imprisonment terms for each charge of possession of a pistol by a person convicted of a crime of violence.

2. Robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear. *State v. Gourdine,* 322 S.C. 396, 472 S.E.2d 241 (1996).

(2003), robbery is listed in the definition of a crime of violence. Section 16–23–10 indicates the definitions are for terms "used in this article."

In *State v. Rogers*, 338 S.C. 435, 527 S.E.2d 101 (2000), we held that by providing a list of crimes defined as violent in § 16–1–60, the legislature intended to have a uniform definition of violent crimes throughout the Code. We stated, "We do not believe the legislature intended there to be situations where the courts would treat offenses defined as 'violent crimes' under one section and not treat these same offenses as 'crimes involving the use of violence' under another section of the same title." *Id.* at 439, 527 S.E.2d at 104.

*Rogers* indicates that, pursuant to § 16–1–60, the legislature intends to have a uniform definition of what is and what is not a violent crime. However, the instant case differs from *Rogers* in that the definition of a crime of violence in § 16–23–10 is in another section of Title 16, which specifically states that it is the definition to be used under the article in which it is contained. Respondent pled guilty to the charges under § 16–23–30, which is contained in Article 1 of Chapter 23. Section 16–23–10 indicates that its definitions apply in Article 1. Accordingly, the definition of a crime of violence contained in § 16–23–10(c) governs what constitutes a violent crime for purposes of a conviction under § 16–23–30. *See State v. Cutler*, 274 S.C. 376, 264 S.E.2d 420 (1980) (although penal statutes are to be construed strictly against the State, where there is conflict between general statute and specific statute, the specific prevails).

Because strong arm robbery is a crime of violence for purposes of a conviction under § 16–23–30, the PCR court erred by vacating respondent's pistol possession convictions. Therefore, the decision of the PCR court is **REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.