644 S.E.2d 54

**The STATE, Appellant,**

v.

**Rita Greenwood BIXBY, Respondent.**

**No. 26308.**

Supreme Court of South Carolina.

Heard Dec. 7, 2006.

Decided April 9, 2007.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, of Columbia; and Solicitor Jerry W. Peace, of Greenwood, for appellant.

Jeffrey P. Bloom, of Columbia; and Joseph Collins Smithdeal, of Ayers, Smithdeal & Bettis, PC, of Greenwood, for respondent.

### Justice MOORE.

On December 8, 2003, Abbeville County Deputy Sheriff Danny Wilson and South Carolina State Constable Donnie Ouzts were allegedly murdered by respondent's husband and son.[1] The murders culminated from a dispute between respondent and her husband and the Department of Transportation in its attempt to seize a portion of their property for a road-widening project. Respondent, who was not present at the scene of the murders, was indicted for misprision of a felony, criminal conspiracy, and two counts of accessory before the fact of murder.[2]

---

1. Respondent's son, Steven Bixby, was convicted of murder and was subsequently sentenced to death on February 21, 2007.

2. The elements that must concur to justify the conviction of one as an accessory before the fact are: (1) that the defendant advised and agreed, or urged the parties or in some way aided them, to commit the

The State served notice of its intent to seek the death penalty on the accessory charges. Respondent moved to dismiss the notice of intent to seek the death penalty and to declare her ineligible for the death penalty. After a hearing, the trial judge entered an order stating that to notice respondent with the death penalty presupposes that she faces a charge of murder, which she does not. He found respondent ineligible for the death penalty and granted the motion to dismiss the State's notice of intent. The appeal from that decision follows and we affirm.

## ISSUE

Did the lower court err by finding respondent ineligible for the death penalty under South Carolina law because she was merely charged with accessory before the fact of murder?

## DISCUSSION

■ Respondent was charged with accessory before the fact to the murders of the officers pursuant to S.C.Code Ann. § 16–1–40 (2003), which states:

A person who aids in the commission of a felony or is an accessory before the fact in the commission of a felony by counseling, hiring, or otherwise procuring the felony to be committed is guilty of a felony and, upon conviction, must be punished in the manner prescribed for the punishment of the principal felon.

The punishment prescribed for the principal felon, *i.e.* for murder, is that a person who is convicted of or pleads guilty to murder must be punished by death, by life imprisonment, or by a mandatory minimum imprisonment term of thirty years. S.C.Code Ann. § 16–3–20(A) (2003). Therefore, a plain reading of § 16–3–20(A) and § 16–1–40 indicates that one who is charged with accessory before the fact to murder is clearly subject to the punishments of life imprisonment or a mandatory minimum imprisonment term of thirty years because these

---

offense; (2) that the defendant was not present when the offense was committed; and (3) that the principal committed the crime. *State v. Smith,* 316 S.C. 53, 447 S.E.2d 175 (1993).

are the punishments rendered when one is found guilty of murder.[3] However, respondent's eligibility for the death penalty is not so clear. A review of § 16–3–20 is necessary to determine her eligibility.

S.C.Code Ann. § 16–3–20 (2003) states:

(A) A person who is convicted of or pleads guilty to murder must be punished by death, by imprisonment for life, or by a mandatory minimum term of imprisonment for thirty years. If the State seeks the death penalty and a statutory aggravating circumstance is found beyond a reasonable doubt pursuant to subsections (B) and (C), and a recommendation of death is not made, the trial judge must impose a sentence of life imprisonment. . . .

(B) When the State seeks the death penalty, *upon conviction or adjudication of guilt of a defendant of murder*, the court shall conduct a separate sentencing proceeding. In the proceeding, if a statutory aggravating circumstance is found, the defendant must be sentenced to either death or life imprisonment. If no statutory aggravating circumstance is found, the defendant must be sentenced to either life imprisonment or a mandatory minimum term of imprisonment for thirty years. . . .

. . . Unless at least one of the statutory aggravating circumstances enumerated in this section is found, the death penalty must not be imposed. Where a statutory aggravating circumstance is found and a recommendation of death is made, the trial judge shall sentence the defendant to death. . . . Where a statutory aggravating circumstance is not found, the trial judge shall sentence the defendant to either life imprisonment or a mandatory minimum term of imprisonment for thirty years.

(Emphasis added).

██ A possible sentence of death applies only when one is convicted of or has pled guilty to the crime of murder. Following the plain language of 16–3–20, the State may seek the death penalty upon conviction or adjudication of guilt of a defendant of *murder*.[4] See *State v. Muldrow*, 348 S.C. 264,

---

3. *See, e.g., State v. Lewis*, 293 S.C. 107, 359 S.E.2d 66 (1987).

4. The dissent states that resting the defendant's eligibility for the death penalty on the State's decision whether to prosecute a defendant as an

559 S.E.2d 847 (2002) (words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction). The statute does not provide any other crimes for which a defendant may be eligible for the death penalty. *Cf. State v. Blackmon,* 304 S.C. 270, 403 S.E.2d 660 (1991) (when a statute is penal in nature, it must be construed strictly against the State and in favor of the defendant).

Although § 16–1–40 provides that one who is convicted as an accessory before the fact must be punished in the manner prescribed for the punishment of the principal felon, the Legislature has not indicated any intent in § 16–3–20 to have such an accessory be subject to the most severe punishment of death. *See State v. Curtis,* 356 S.C. 622, 591 S.E.2d 600 (2004) (if Legislature had intended certain result in a statute it would have said so); *State v. Cutler,* 274 S.C. 376, 264 S.E.2d 420 (1980) (where there is conflict between general statute and specific statute, the specific prevails).

Given the plain language of § 16–3–20 and the fact the Legislature has not shown an intent to make one charged with accessory before the fact to murder death penalty-eligible, the trial judge properly found that respondent is not eligible for the death penalty and properly dismissed the State's notice of intent to seek the death penalty.

Our disposition of this issue makes it unnecessary to address petitioner's factual argument. *See Whiteside v. Cherokee County Sch. Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate court need not address remaining issue when resolution of prior issue is dispositive). Accordingly, the decision of the lower court is

**AFFIRMED.**

WALLER, BURNETT and PLEICONES, JJ., concur.

TOAL, C.J., dissenting in a separate opinion.

---

accessory before the fact to murder or for the murder itself is an illogical result. However, giving the prosecutor discretion in determining what charges to bring against a defendant and whether a defendant should be eligible for the death penalty is exactly what our law provides. A prosecutor should not be hampered in making these determinations. *Cf. Ex parte Littlefield,* 343 S.C. 212, 540 S.E.2d 81 (2000) (South Carolina Constitution and case law place the unfettered discretion to prosecute solely in the prosecutor's hands).

Chief Justice TOAL, I respectfully dissent.

I would reverse the decision of the trial court finding Respondent ineligible for the death penalty. In my opinion, a charge of accessory before the fact to murder implicates the death penalty under South Carolina law.

I agree with the majority's contention that the plain language of S.C.Code Ann. § 16-3-20 (2003) allowing the State to seek the death penalty only applies upon conviction or adjudication of guilt of a defendant of murder, and that the statute does not provide any other crimes for which a defendant may be eligible for the death penalty. However, in my view, a conviction of accessory before the fact to murder is regarded by law as a conviction for murder and therefore § 16-3-20 applies.

S.C.Code Ann. § 16-1-40 (2003) defines an accessory as follows:

A person who aids in the commission of a felony or is an accessory before the fact in the commission of a felony by counseling, hiring, or otherwise procuring the felony to be committed *is guilty of a felony* and, upon conviction, must be punished in the manner prescribed for the punishment of the principal felon. (Emphasis supplied).

In this case, Respondent was indicted on two counts of accessory before the fact to the underlying felony of murder. To illustrate my interpretation of § 16-1-40 and its applicability to the issue here, if we were to replace each instance of the general term *felony* in § 16-1-40 with the specific felony of *murder* relevant in this case, the result is that a "person who ... is an accessory before the fact in the commission of a *murder* by counseling, hiring, or otherwise procuring the *murder* to be committed is guilty of a *murder*...." Therefore, if a jury convicted Respondent for accessory before the fact to murder, the plain language of § 16-1-40, in my view, would regard Respondent as guilty of the crime of murder. Accordingly, Respondent would be eligible for the death penalty under § 16-3-20.[5]

---

5. Interestingly, in 1977 when the General Assembly created a bifurcated trial structure consisting of a guilt phase and a sentencing phase for cases in which the death penalty is sought, § 16-1-40 read as follows:

Furthermore, practical concerns dictate that an accessory before the fact to murder be eligible for the death penalty under South Carolina's statutory scheme. A person who counsels, hires, or otherwise procures a felony to be committed may be indicted and convicted as *either* an accessory before the fact *or* for the substantive felony. S.C.Code Ann. § 16–1–50 (2003). Under the majority's conclusion then, whether a defendant who counseled, hired, or otherwise procured a murder is eligible for the death penalty ultimately comes down to whether the State decides to prosecute the defendant as an accessory before the fact to murder or for the murder itself. The General Assembly certainly did not intend such an illogical result.

Ultimately, the majority's conclusion rests on hesitancy to apply the clear language of the accessory statute. However, § 16–1–40 clearly states that an accessory is guilty of the principal felony and is punished accordingly. I see no reason to depart from this reading of the plain language.

For the foregoing reasons, I would hold that a defendant who is an accessory before the fact to murder is guilty of murder by operation of law and is subject to the death penalty in accordance with § 16–3–20. Accordingly, I would reverse the trial court's finding that Respondent was ineligible for the death penalty and reinstate the State's notice of intent to seek the death penalty.

---

Whoever aids in the commission of a felony or is accessory thereto before the fact by counseling, hiring or otherwise procuring the felony to be committed shall be punished in the manner prescribed for the punishment of the principal felon.

In 1993, the General Assembly amended § 16–1–40 to read in its present form. *See* 1993 S.C. Acts 3229, 3237–38. Although the 1993 amendment consisted mainly of grammatical changes, it is interesting to note the addition of the phrase that an accessory "is guilty of a felony" just before the language declaring the manner of "punishment" for an accessory. In my view, this alteration makes the statute easily applicable to the bifurcated trial structure created by the General Assembly fifteen years earlier.