THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 
 
 

v.

 
 
 
 William R.
 Lafferty and Charles Spychala, Respondents.
 
 
 

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-114  
 Heard November 2, 2011  Filed February
29, 2012

REVERSED AND REMANDED

 
 
 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney Salley W. Elliott,
 Assistant Attorney General Joshua Richard Underwood, all of Columbia, for
 Appellant.
 Stuart Mark Axelrod, of Myrtle Beach, for
 Respondents.
 
 
 

PER CURIAM: This is an appeal by the State of the
 grant of a new trial to Respondents William R. Lafferty and Charles Spychala on
 charges of presenting a false insurance claim for payment.  We reverse and
 remand.
Respondents were
 each indicted on charges of third-degree arson and presenting a false insurance
 claim for payment.  They were tried together on all charges and were
 represented by the same attorney.  The charges arose from the destruction of a
 boat owned by Lafferty and Lafferty's subsequent attempt to recover from his
 insurer for the loss.  Spychala was listed on Lafferty's insurance policy as a
 regular operator of the boat and was with Lafferty when firefighters were called
 to investigate the incident. 
The jury
 acquitted Respondents on the arson charges, but convicted them on the charges
 of presenting a false insurance claim for payment.  Immediately after the
 verdicts were received, defense counsel moved for a new trial on the false claim
 charges, arguing convictions on those charges were inconsistent with acquittals
 on the arson charges.  Over the State's objection, the trial judge granted the
 motion.  
The trial judge
 initially granted the new trial motion from the bench, but later issued a
 written order in the matter with the following explanation for his ruling:  

 In the present trial, the only evidence presented by the Attorney
 General that the Defendants presented a false claim for payment was that they
 committed arson on their property (a boat) that was the insured property.  The
 Jury has clearly found that the Defendants are not guilty of that arson.  Thus,
 no evidence supported a verdict of "guilty" for Presenting a False
 Claim.

The State argues
 the trial judge committed an error of law in granting a new trial on the false
 claim charges based solely on Respondents' acquittals on the arson charges.  We
 agree.
"The
 granting or refusal of a motion for a new trial is within the discretion of the
 trial judge and will not be disturbed absent a clear abuse of
 discretion."  State v. Simmons, 279 S.C. 165, 166, 303 S.E.2d 857,
 858 (1983).  "Where there is no evidence to support a conviction, an order
 granting a new trial should be upheld."  State v. Smith, 316 S.C. 53,
 55, 447 S.E.2d 175, 176 (1993).  "However, where there is competent
 evidence to sustain the jury's verdict, the judge may not substitute his
 judgment for that of the jury."  State v. Prince, 316 S.C. 57, 63,
 447 S.E.2d 177, 181 (1993).     
In State v.
 Alexander, 303 S.C. 377, 382-83, 401 S.E.2d 146, 149-50 (1991), the South
 Carolina Supreme Court formally abolished the rule prohibiting inconsistent
 verdicts.  In support of its ruling, the court referenced United States v.
 Powell, 469 U.S. 57 (1984), wherein the United States Supreme Court
 "reasoned that a jury might merely be lenient towards a defendant when it
 refuses to convict him of all counts."  Alexander, 303 S.C. at 383,
 401 S.E.2d at 149 (citing Powell, 469 U.S. at 65).  
We are mindful that the trial court has the discretion to decide
 whether an accused is entitled to have a charge retried.  Nevertheless, if the
 appellate court determines the grant of a new trial to an accused was based on
 an incorrect legal conclusion, reversal of the grant is warranted.  See State
 v. Des Champs, 126 S.C. 416, 421, 120 S.E.2d 491, 493 (1923) (holding the
 grant of a new trial was based on an erroneous legal conclusion and remanding
 the matter to the circuit court for sentencing).  Here, it is evident from both
 the colloquy between the trial judge and the State's attorney and the written
 order granting the new trial motion that the trial judge believed he was
 required to grant the motion solely because Respondents were not convicted of
 arson.  Because prohibition of inconsistent verdicts is no longer the rule in
 this State, we hold that the grant of a new trial in this case was based on an
 error of law.  Further, because we find ample evidence in the record that could
 support convictions on the false claim charges, a new trial on those charges is
 not warranted in this case.  
Therefore, we
 reverse the grant of a new trial to Lafferty and Spychala on the false claim
 charges and remand the matter to the trial court for sentencing on those charges.
REVERSED AND
 REMANDED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.