**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Joseph Phillips, Appellant.

Appellate Case No. 2013-001339

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-100
Heard February 12, 2015 – Filed March 4, 2015

**AFFIRMED**

David Lee Paavola, Nelson Mullins Riley & Scarborough, LLP, of Columbia, and Chief Appellate Defender Robert Michael Dudek, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  In July 2011, Jerry Allen shot and killed Charles Roberts.  In connection with Roberts' death, the State indicted William Joseph Phillips on the charge of accessory before the fact of murder.  Phillips appeals his conviction, arguing the trial court erred in refusing to give a proposed jury charge concerning the mental state required for liability as an accessory before the fact.

The trial court is required to charge the correct law applicable to the case.  *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010).  "This court will not reverse a trial court's decision to refuse a specific request to charge unless the trial court committed an error of law."  *State v. Marin*, 404 S.C. 615, 619, 745 S.E.2d 148, 151 (Ct. App. 2013).  The trial court commits no error of law in refusing to give a proposed charge when "the charge requested is an incorrect statement of law."  404 S.C. at 620, 745 S.E.2d at 151.

A person is an accessory before the fact if he "aids in the commission of a felony" or commissions a felony "by counseling, hiring, or otherwise procuring the felony to be committed."  S.C. Code Ann. § 16-1-40 (2003).  In charging the jury on the crime of accessory before the fact, the trial court tracked the statutory language of section 16-1-40.  Phillips argues, however, the court erred in refusing to instruct the jury regarding the mental state required for the crime—that Phillips specifically intended for Allen to kill Roberts.

The type of criminal intent that is required to prove a defendant guilty of a statutory offense is a question of legislative intent.  *State v. Ferguson*, 302 S.C. 269, 272, 395 S.E.2d 182, 183 (1990).  When a criminal statute does not express a particular mental state, courts "look to common law and the development of the statute to determine whether the legislature intended the crime to require" a particular mental state.  *State v. Jefferies*, 316 S.C. 13, 18, 446 S.E.2d 427, 430 (1994).

Section 16-1-40 does not provide, and the State concedes South Carolina courts have not established, the mental state required to prove guilt as an accessory before the fact.  Phillips argues the crime requires proof of a "purposeful" mental state, or specific intent.  Our supreme court in *Jefferies* addressed a similar situation with respect to the statute criminalizing kidnapping, which contained no explicit mental state requirement.  316 S.C. at 18, 446 S.E.2d at 430; *see also* S.C. Code Ann. § 16-3-910 (1985).  In that case, the appellant submitted proposed jury charges to the trial court that required the State to prove "specific intent" or "purpose."  316 S.C. at 19, 446 S.E.2d at 431.  The supreme court first examined the statutory

development of the crime of kidnapping, which originally required two acts—the "act of carrying a [child] . . . out of the State" and "the act of procuring the child." 316 S.C. at 18 n.5, 446 S.E.2d at 430 n.5. The court held a mental state was implied in the original kidnapping statute, stating, "Implicit in the word 'procure,' as used in the statute, is taking possession of the minor with some degree of . . . knowledge." *Id.* The supreme court then rejected the appellant's argument that the requisite mental state should be "purpose," stating "'[p]urpose' is the highest level of *mens rea* known in criminal law and it is not required under the South Carolina kidnapping statute." 316 S.C. at 19, 446 S.E.2d at 431. Instead, the court held only "knowledge" was required under the statute because the legislature intended "to require a lesser *mens rea* than 'purpose.'" 316 S.C. at 19, 446 S.E.2d at 430-31.

In this case, we hold the General Assembly did not intend for the mental state of "purpose" to be an element of the crime. Similar to the court's interpretation of the kidnapping statute in *Jefferies*, the words of section 16-1-40—"counseling, hiring, or otherwise procuring" the commission of a felony—imply a degree of knowledge to be guilty as an accessory before the fact. However, the State did not have to prove Phillips specifically intended that Allen commit the felony he "counsel[ed], hir[ed], or otherwise procur[ed]" Allen to perform—murdering Roberts. Instead, it was sufficient for the State to show a lesser degree of criminal intent.[1] Our case law supports this conclusion, as decisions by our supreme court have never listed an intentional or purposeful mental state as an element of the crime. *See, e.g.*, *State v. Bixby*, 373 S.C. 74, 75 n.2, 644 S.E.2d 54, 55 n.2 (2007); *Sellers v. State*, 362 S.C. 182, 188, 607 S.E.2d 82, 85 (2005); *State v. Prince*, 316 S.C. 57, 64, 447 S.E.2d 177, 181 (1993).

Because Phillips' requested charge did not reflect South Carolina law, the trial court properly refused to instruct the jury that Phillips must have intended for Allen to kill Roberts to be liable as an accessory before the fact of murder.[2] *See*

---

[1] We do not decide what level of intent was necessary for conviction.

[2] To the extent Phillips argues the trial court erred by not including in its charge *any* language regarding criminal intent, we find this argument not preserved. At trial, Phillips requested the trial court instruct the jury that Phillips "inten[ded] that a murder be committed by [Allen]," and Phillips neither requested a charge on a lesser mental state nor objected to the absence of such a charge. *See State v.*

*Jefferies*, 316 S.C. at 19-20, 446 S.E.2d at 431 ("Because the charges requested by [defendant] . . . included a level of *mens rea* not required under [the kidnapping statute], the trial judge correctly refused to give the requested charges."); *State v. Foust*, 325 S.C. 12, 16, 479 S.E.2d 50, 52 (1996) ("[The defendant] sought only a specific intent . . . charge.  As that is not the law of this State, the charge was properly refused.").

**AFFIRMED**.

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur**.

---

*Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").