**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Karlita Desean Phillips, Appellant.

Appellate Case No. 2015-002334

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-469
Submitted November 1, 2017 – Filed December 28, 2017

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:**  Karlita Desean Phillips appeals her convictions for accessory before the fact of murder and using a minor to commit a felony.  The trial court sentenced her to concurrent terms of life imprisonment for accessory and fifteen

years' imprisonment for using a minor to commit a felony. On appeal, Phillips argues the trial court erred by (1) allowing her only five peremptory challenges for accessory before the fact of murder when it carries the same penalty as murder and (2) denying her motion for a directed verdict on the charge of accessory before the fact of murder because she was present at the scene of the murder. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in only allowing five peremptory challenges: S.C. Code Ann. § 14-7-1110 (2017) ("Any person who is arraigned for the crime of murder, manslaughter, burglary, arson, criminal sexual conduct, armed robbery, grand larceny, or breach of trust when it is punishable as for grand larceny, perjury, or forgery is entitled to peremptory challenges not exceeding ten . . . . Any person who is indicted for any crime . . . other than those enumerated above has the right to peremptory challenges not exceeding five . . . .").

2. As to whether the trial court erred in denying the motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Larmand*, 415 S.C. 23, 30, 780 S.E.2d 892, 895 (2015) ("If there is either any direct evidence or any substantial circumstantial evidence reasonably tending to prove the defendant's guilt, appellate courts must find that the trial [court] properly submitted the case to the jury."); *State v. Smith*, 316 S.C. 53, 55, 447 S.E.2d 175, 176 (1993) ("Accessory before the fact of murder requires a showing that the accused: (1) either advised and agreed, urged, or in some way aided some other person to commit the offense; (2) was not present when the offense was committed; and (3) that some principal committed the crime."); *State v. Gentry*, 363 S.C. 93, 103-04, 610 S.E.2d 494, 500-01 (2005) (affirming the trial court's denial of a directed verdict motion on a charge of accessory before the fact of armed robbery when the evidence conflicted as to whether the defendant was present inside the house during the robbery or outside in a car).

**AFFIRMED.** [1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.