· 11952

STATE v. RENEW

(132 S. E., 613)

1. CRIMINAL LAW.—Defendant has right to have submitted to jury issue whether suspended sentence has been violated.

2. CRIMINAL LAW—ORDER REQUIRING DEFENDANT TO SERVE BALANCE OF SUSPENDED SENTENCE ON GROUND THAT HE HAD VIOLATED IT BY POSSESSING LIQUOR HELD IMPROPER IN VIEW OF ACQUITTALS ON SUCH CHARGE.—Order requiring defendant to serve balance of suspended sentence on ground that he had violated it by possessing contraband liquor *held* improper where defendant in both State and Federal Court was acquitted on charges of possessing liquor on occasion involved.

Before TOWNSEND, J., Barnwell, February, 1924. Reversed.

Martin Renew was convicted of having in possession contraband liquor. From an order, after hearing on rule to show cause, requiring him to serve such sentence he appeals.

*Messrs. Harley & Blatt* for appellant.

*Mr. Bert D. Carter, Solicitor,* for respondent.

April 7, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"On the 19th day of February, 1924, the appellant, Martin Renew, was under indictment in the Court of General Sessions for Barnwell County for a violation of the prohibition laws of the State, in that he had in his possession two Coca Cola bottles of contraband liquor. Upon his trial he entered a plea of guilty, and was sentenced by Hon. T. S.

Sease, presiding Judge, to pay a fine of $1,000 and to serve eight months upon the public works of Barnwell County or a like term in the State Penitentiary, and upon the payment of $50 the balance of the sentence was suspended, but, upon violation of the terms of this sentence so appearing by the affidavit of a peace officer, the balance of the suspended sentence was to become effective.

"On January 10, 1925, J. W. Sanders, a prohibition officer, together with W. A. Hayes, deputy sheriff of Barnwell County, Jack Scott, a constable, and a Mr. Brodie, an officer, raided the house and premises of the appellant, Martin Renew, and thereafter a warrant was sworn out both in the State and Federal Courts, charging the appellant with a violation of the prohibition law, in that he had in his possession contraband liquor on January 10, 1925. Thereafter, on an affidavit signed by J. W. Sanders, a rule to show cause was issued by Hon. W. H. Townsend, presiding Judge, at the February, 1925, term of the Court of General Sessions for Barnwell County, which rule, together with this affidavit, was served upon the said Martin Renew, requiring him to show cause why he should not be required to serve the suspended sentence. A return was duly filed for the defendant, and at the hearing J. W. Sanders and W. A. Hayes testified as to what they found and saw at the home of the appellant on January 10, 1925. At the conclusion of the hearing Judge Townsend passed his order requiring the defendant to serve the suspended sentence.

"Subsequently, in October, 1925, the case of the *United States v. Martin Renew* was called for trial at Aiken, S. C. The defendant pleaded not guilty, and the result of the trial was the acquittal of the defendant. At this trial J. W. Sanders, W. A. Hayes, and Mr. Brodie testified for the government. The indictment in the Federal Court charged that on January 10, 1925, the defendant was in possession of contraband whisky.

"Thereafter, to wit, on February 15, 1926, the case of *State v. Martin Renew* was called for trial at the regular term of the Court of General Sessions for Barnwell County. The defendant was charged with having in his possession contraband liquor on January 10, 1925. J. W. Sanders, W. A. Hayes, and Jack Scott testified for the State, and the jury returned a verdict of not guilty."

1, 2 The exceptions challenge the correctness of Judge Townsend's order. The exceptions should be sustained. The Solicitor admitted at the hearing before us that the evidence was the same and more in the defendant's trial in the Federal and State Court, and he was acquitted in both Courts, yet, under Judge Townsend's order, he must go on the chain gang or to the penitentiary to serve his suspended sentence.

The case of *State v. Sullivan,* 121 S. E., 47; 127 S. C., 186, should be overruled, and in cases of suspended sentence, when not admitted that the suspended sentence had been violated, the defendant has a right to submit this issue to a jury for reasons assigned by Mr. Justice Cothran in his dissenting opinion in *State v. Sullivan, supra,* on pages 197 and 198 (121 S. E., 47).

I am in favor of overruling *State v. Sullivan,* sustaining the exceptions, and reversing the judgment of his Honor, Judge Townsend.

Reversed.

Messrs. Justices Cothran, Blease and Stabler concur.

Mr. Chief Justice Gary did not participate.