13812

STATE v. GLEATON

(174 S. E., 12)

Before MANN, J., Orangeburg, May, 1932.

*Mr. E. B. Friday,* for appellant,

*Messrs. W. C. Wolfe, M. E. Zeigler* and *A. J. Hydrick, Solicitor,* for respondent,

March 27, 1934.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

The appellant, Gleaton, entered a plea of guilty to a charge of assault and battery with intent to kill at the May, 1932, term of the Court of General Sessions for Orangeburg County and was sentenced by the presiding Judge, Hon.

M. M. Mann, to serve five years upon the public works of Orangeburg County or for a like period in the State penitentiary.

Section 1039 of the Code provides that Circuit Judges shall have the power, in their discretion, to suspend sentences imposed by them upon such terms and conditions as in their judgment may be fit and proper. Acting upon this authority, Judge Mann suspended the sentence imposed upon the defendant upon the following terms and conditions:

"The defendant shall observe all laws of the State; and he, having in open Court, by himself and through his Counsel, signified his willingness and desire to move away from the community in which the unfortunate tragedy occurred, and the Court being of the opinion that this would be conducive to the Peace of the community, the defendant shall move away from Springfield, South Carolina, by May 15th, 1932, and reside not nearer than fifty miles of said Place. That he may visit at Springfield as often as once every six months, Provided, that no one visit be Protracted longer than twenty-four hours. In the event of illness or death of a near relative and modification of the conditions as to visits are desired the defendant is given the right to apply to this Court or a Judge thereof at Chambers, or to the Judge of the County Court of Orangeburg County, who shall have the power to modify the same as the exigency of the circumstances may seem to warrant; but no other provision of the Judgment may be modified.

"It is also provided that by May 9th, 1932, the defendant shall pay the Prosecuting witness the amount of the hospital bill and other expenses incurred by him, and it is agreed between the said parties that the same amounts to ($200.00) two hundred dollars.

"Should the defendant fail to comply with any one of the conditions above named, or violates any of the terms upon which the balance of the sentence is suspended, the Court or Judge thereof, in the manner herein Provided, shall have

the power and it shall be its or his duty to subject the defendant to the service of the sentence hereinabove imposed. The determination of any question or issue involved in the revocation of this suspension shall be made by Presiding or Resident Judge of this Circuit, either in open Court or at Chambers, as the Court may determine, upon personal notice to the defendant, in such manner as the Court shall prescribe by giving him five days notice of the hearing. He shall have not less than five days notice of the petition and grounds upon which the revocation of suspension is sought.

"It is hereby made the duty of all officers charged with the enforcement of law in this State to report any violation of the terms of this suspension, of which they may be informed, to the Solicitor of this Circuit, whose duty it shall be if he be convinced of such violation, to forthwith institute the proper proceedings under the terms of this judgment for the revocation of the suspension of this sentence."

Thereafter a petition was presented to Judge Mann, the resident Judge of the First Circuit, who imposed and suspended the sentence, setting forth certain facts and alleging that the defendant had violated the terms and conditions of the suspended sentence. The petition was supported by affidavits. The defendant made return to the petition in which he denied that he had violated the terms and conditions of the suspended sentence to such an extent as would warrant a revocation of same. The return was not a denial of the allegations contained in the petition and was nothing more than a statement of the opinion of the defendant that he had not violated the terms of the suspended sentence in so flagrant a manner as would warrant a revocation of the suspension.

On a day set for the hearing the Circuit Judge prepared to examine certain witnesses as to the truth of the allegations contained in the petition when the defendant, through his attorney, objected to that method of procedure and asked for a jury. This request was refused.

During the cross examination of one of the witnesses the attorney for the defendant asked if the witness knew that the defendant had an order from the Governor permitting him to visit in Springfield, to which the witness replied that he knew of no such order. The Circuit Judge refused to receive any testimony relative to the alleged order or permit from the Governor.

At the conclusion of the testimony for the petitioner, the defendant declined to put up any testimony, and the Circuit Judge thereupon passed an order revoking the suspension of sentence and ordering the defendant to serve the sentence which had been originally imposed. From this order the defendant has appealed to this Court alleging error on the part of the Circuit Judge, in that he refused to hear testimony as to the order or permit of the Governor, and also that the defendant was denied the right of a jury trial.

It is evident that the Circuit Judge refused to hear testimony as to the alleged order of the Governor permitting the defendant to visit Springfield for two reasons: First, that no such defense had been alleged in the return; and, second, that no such order was produced at the hearing. We see no error on the part of the Circuit Judge in this respect. In the absence of the order itself and with no reason given for the non-production of it, all testimony relative to it would have been incompetent as hearsay. And, we may add, such testimony would likewise have been incompetent if the return had contained allegations pertinent to that defense.

In reliance upon the exception alleging error in denying the right of trial by jury, the appellant cites the case of *State v. Renew,* 136 S. C., 304, 132 S. E., 613. The facts in that case are so very different from the facts here presented that the *Renew case* cannot possibly be decisive of the question here involved. In that case the defendant entered a plea of guilty to violation of the prohibition law and was sentenced to pay a fine of $1,000.00 or

serve eight months' imprisonment; and, upon the payment of $50.00, the balance of the sentence was to be suspended, but, "upon violation of the terms of this sentence," the suspended portion should become effective. The record does not show what were the "terms of this sentence," but from what happened it is not difficult to presume that it contemplated further violation of the prohibition law. At any rate, Renew was arrested under both State and Federal warrants charging violation of the prohibition law. Before trial he was brought before the Court on a rule to show cause, testimony was taken, and the suspended portion of the sentence was revoked. He appealed to this Court from the order revoking the suspension, and, in the meantime, he was tried and acquitted in both State and Federal Courts. The order revoking the suspended sentence was reversed by this Court. The reason for the reversal is so apparent that no comment is necessary, and it is also perfectly clear why the Court should have given utterance to that portion of the opinion upon which the appellant herein relies, to wit: "In cases of suspended sentence, when not admitted that the suspended sentence had been violated, the defendant has a right to submit this issue to a jury."

But in the case now before us no such conditions exist. Here the defendant was not arrested on any warrant, no trial in Court was pending against him, and, in the hearing before the Circuit Judge as provided in his order, there was nothing upon which a jury was required to pass.

The *Renew case* overrules the judgment set forth in the case of *State v. Sullivan,* 127 S. C., 186, 121 S. E., 47, 52, and the dissenting opinion in the *Sullivan case* is now the judgment of the Court. From that case we take the following extract: "If the defendant's breach of the conditions appears by the record of his conviction, the Circuit Judge may act upon the production of this record, unless the defendant shall deny his identity or allege *nul tiel* record. If it does not appear as a matter of record, but has to be deter-

mined upon an investigation of the facts, the Circuit Judge would have the right to take testimony and determine the question himself, or frame an issue to be decided by a jury, or hold the matter in abeyance until the defendant shall have been tried upon the charge. I imagine that the Circuit Judge would hesitate to take upon himself the responsibility of deciding the guilt of the defendant under these circumstances, and I think that the safest course to pursue would be to hold the matter in abeyance until a jury shall have passed upon the charge."

The latter part of the above citation clearly implies a violation of some criminal law for which the defendant had been arrested and was awaiting trial.

There is no appeal from the order of the Circuit Judge relative to the conditions imposed by him in granting a suspension of the sentence. These conditions are many and are more severe than is usually the case, but no doubt the Circuit Judge acted wisely in imposing them. Moreover, the conditions imposed upon a defendant in order to secure a lighter sentence are not obligatory on him; he is not compelled to accept them, but, once accepted, he must obey them or suffer the consequences of disobedience.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.