21547

The STATE, Respondent, v. Stanley L. FRANKS, Appellant.

(281 S. E. (2d) 227)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia; and *Asst. Public Defender* Stephen J. Henry, Greenville, *for appellant.*

*Atty Gen. Daniel R. McLeod, Asst. Attys. Gen. Kay G. Crowe* and *Russell D. Ghent* and *State Atty. Harold M. Coombs, Jr.,* Columbia, *for respondent.*

August 11, 1981.

GREGORY, Justice:

Appellant Stanley L. Franks appeals from an order revoking his probation sentence. We affirm.

The question is whether the Fourth Amendment's requirement that a neutral, detached magistrate issue an arrest warrant renders the arrest warrant in this case, issued by a probation officer pursuant to Section 24-21-450, Code of Laws of South Carolina (1976), invalid.

On February 26, 1979 appellant was sentenced to five years imprisonment for attempted housebreaking with intent to commit a crime. The five-year term was suspended upon the service of one year in prison and four years probation. Appellant was released on probation October 1, 1979.

On February 11, 1980 a probation officer issued an arrest warrant pursuant to § 24-21-450, charging appellant with various violations of his probation conditions, among them convictions for drunk and reckless driving.

At the probation revocation hearing appellant's counsel moved to dismiss the warrant on the ground it was not issued by a neutral, detached magistrate as required by the Fourth Amendment to the United States Constitution. The motion was denied and, following a three day hearing, an order of the revocation was entered. This appeal, arising solely on the issue of the validity of the arrest warrant, followed.

Section 24-21-450 plainly provides for the issuance of an arrest warrant by a probation officer when, in his judgment, a violation of probation conditions has occurred. In pertinent part the statute provides:

"At any time during the period of probation or suspension of sentence the court, or the court within the venue of which the violation occurs, may issue or cause the issuing of a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. *Any police officer or other officer with power of arrest, upon the request of the probation officer, may arrest a probationer. In case of an arrest the arresting officer shall have a written warrant from the probation officer* setting forth that the probationer has, in his judgment, violated the conditions of probation and such statement shall be warrant for the detentiton of such probationer in the county jail or other appropriate place of detention. . . ." (Emphasis added.)

Probation is an act of grace extended to one already convicted of a crime at a trial in this state providing the full protection of due process of law. A proceeding for the revocation of this privilege of probation is more in the nature of an extension of the original proceedings than it is a separate criminal prosecution.

While the underlying violations may themselves be criminal offenses, the probation revocation proceeding is not a criminal trial of those charges. See *Shaw v. Henderson,* 430 F. (2d) 1116, 1118 (5th Cir. 1970), but a more informal proceeding with respect to notice and proof of the alleged violations. See *State v. White,* 218 S. C. 130, 61 S. E. (2d) 754 (1950).

The penalty imposed upon a finding of violation of probation conditions is a forfeiture of the act of grace extended and reimposition of the unserved portion of the original sentence. No additional punishment is invoked.

So there is quite a difference between a criminal prosecution and a probation revocation hearing. See *Gagnon v. Scarpelli,* 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. (2d) 656 (1973). The courts have, accordingly, recognized that the rights of an offender in a probation revocation hearing are not the same as those extended him by the United States Constitution upon the trial of the original offense. See, *e. g., State v. Hewett,* 270 N. C. 348, 154 S. E. (2d) 476 (1967); *State v. Baines,* 40 N. C. App. 545, 253 S. E. (2d) 300 (1979).

The United States Supreme Court has held a parolee is still in custody because he faces significant confinement and restraint even though he is no longer within the four walls of prison. *Jones v. Cunningham,* 371 U. S. 236, 83 S. Ct. 373, 9 L. Ed. (2d) 285 (1963). A probationer is shackled by those same restraints—his conditions of probation.

We think that while a person convicted of a crime is still restrained within the confines of his probation, he does not enjoy the same unfettered constitutional privileges available to those not so confined. It is elementary that while conviction and imprisonment do not strip the violator of his rights, those privileges are severely diminished. *State v. Hiott,* S. C., 276 S. E. (2d) 163 (1981).

In our view the probationer's rights are adequately protected by the requirement that his arrest for a probation violation charge be preceded by the issuance of a warrant from the court or a probation officer as provided by § 24-21-450.

Accordingly, we hold the Fourth Amendment's requirement that a magistrate issue an arrest warrant does not ap-

ply to a warrant for violation of probation conditions. The order denying the motion to dismiss the warrant is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.