23021

The STATE, Respondent v. Rayford David CARTER, Appellant.
(379 S. E. (2d) 905)

Supreme Court

*John I. Mauldin,* of *Mauldin & Allison,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Submitted March 21, 1989.

Decided May 30, 1989.

*Per Curiam:*

This is an appeal from an order revoking appellant's probation. We affirm.

Although appellant was originally sentenced in Greenville County, he was transferred to Anderson County at his request and was required to report to his probation officer in Anderson. An arrest warrant was issued by appellant's probation officer for violations which occurred in Anderson County within two months after his sentencing. The Greenville County Court of General Sessions revoked appellant's probation.

Appellant asserts that the Greenville County Court of General Sessions lacked jurisdiction to revoke his probation since the warrant was issued in Anderson County. We disagree.

An arrest warrant for a probation violation may be issued by the probation officer. S. C. Code Ann. § 24-21-450 (1989). S. C. Code Ann. § 24-21-460 (1989), provides that upon a probationer's arrest, "the court, or the court within the venue of which the violation occurs, shall cause the defendant to be brought before it and may revoke the probation or suspension of sentence...."

When construing a statute to determine the meaning of its terms, this Court must attempt to ascertain the intent of the legislature. *Southern Railway Co. v. South Carolina State Highway Dept.,* 237 S. C. 75, 115 S. E. (2d) 685 (1960). The provisions of other statutes relating to the same subject matter may be considered in determining the meaning of the terms of the statute. *Id.*

South Carolina Code Ann. §§ 24-21-410 to -460 (1989) deals with probation. The term "the court" is used throughout these provisions to refer to the sentencing court. Therefore,

the legislature must have intended the term "the court" in § 24-21-460 to refer to the sentencing court.

We conclude that § 24-21-460 permits either the court ■ which imposed the probationary sentence or the court where the probation violation occurs to revoke the probation. This is true regardless of where the probation revocation warrant may have been issued.

In the present case, the Greenville County Court of General Sessions had jurisdiction to revoke appellant's probation since it was the sentencing court. Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. Accordingly, the judgment of the circuit court is

Affirmed.