23215

The STATE, Appellant v. Kenneth Earl BURTON, Respondent.

(391 S.E. (2d) 583)

Supreme Court

*Solicitor James C. Anders,* Columbia, *for appellant.*

*Chief Attorney David I. Bruck, Asst. Appellate Defender M. Anne Pearce, of S.C. Office of Appellate Defense,* and *Deputy Public Defender James P. Rogers,* Columbia, *for respondent.*

Heard March 7, 1990.

Decided May 7, 1990.

*Per Curiam:*

Respondent was convicted of possession with intent to distribute crack cocaine, first offense, and was committed to the custody of the Youthful Offender Division of the Department of Corrections for an indeterminate period of time, not to exceed six (6) years, pursuant to the Youthful Offender Act (YOA).[1] The State has appealed, alleging that the YOA sentence was improper. We disagree.

Any person between the ages of seventeen and twenty-five at the time of conviction is a youthful offender. S.C. Code Ann. § 24-19-10(d) (1989). A conviction, for purposes of the YOA, is a guilty verdict or plea to a criminal charge which carries a sentence of imprisonment for at least one year, unless the maximum sentence is death or life imprisonment. S.C. Code Ann. § 24-19-10(f) (1989).

Respondent was seventeen years old at the time of his conviction. Possession with intent to distribute crack cocaine, first offense, carries a sentence of fifteen to twenty years and a fine of not less than $25,000. S.C. Code Ann. § 44-53-375(B)

---

[1] S.C. Code Ann. §§ 24-19-10 to -160 (1989).

(Supp. 1989). Therefore, respondent meets the criteria established for a YOA sentence.

The State contends that because the YOA permits the trial judge to suspend a sentence and grant probation, it is in conflict with the crack statute which prohibits suspension and probation. Therefore, it argues that the specific mandatory minimum sentence provided by the crack statute prevails over the general provisions of the YOA.

When construing a statute, this Court must attempt to ascertain and effectuate the intent of the legislature. *State v. Carter*, 298 S.C. 304, 379 S.E. (2d) 905 (1989); *Burns v. State Farm Mutual Automobile Ins. Co.*, 297 S.C. 520, 377 S.E. (2d) 569 (1989). Penal statutes are construed strictly against the State and in favor of the defendant. *State v. Cutler*, 274 S.C. 376, 264 S.E. (2d) 420 (1980). In determining the meaning of a statute, it must be inferred that statutes specifically excluding certain things evidence the intent of the legislature to include all other things not mentioned. *Little v. Town of Conway*, 171 S.C. 27, 171 S.E. 447 (1933).

The legislature has specifically prohibited the imposition of a YOA sentence for a conviction which carries a sentence of less than one year or which carries a maximum sentence of death or life imprisonment. S.C. Code Ann. § 24-19-10(f) (1989). Additionally, a person who is between the ages of twenty-one and twenty-five when convicted of armed robbery is ineligible for a YOA sentence. S.C. Code Ann. § 16-11-330(1)(1985); *State v. Cutler, supra*.

Because the legislature has specifically excluded YOA sentences for certain offenses, we infer that the legislature intended the YOA to apply to youthful offenders guilty of all other offenses. Although the legislature has provided for a mandatory minimum sentence for possession with intent to distribute crack cocaine, we find no conflict between the crack statute and the YOA since a YOA sentence is not specifically excluded by the crack statute.

We hold that a youthful offender convicted of possession with intent to distribute crack cocaine is not precluded from receiving a sentence under the YOA. Accordingly, the sentence imposed by the trial judge is

Affirmed.