1882

The STATE, Respondent v. Tony ALEXANDER, Appellant.
The STATE, Respondent v. Robert REED, Appellant.

(424 S.E. (2d) 526)

Court of Appeals

*Asst. Appellate Defenders Robert M. Dudek* and *M. Anne Pearce*, of *S.C. Office of Appellate Defense*, Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia, and *Sol. Dudley Saleeby, Jr.*, Florence, *for respondent.*

Heard Sept. 14, 1992.

Decided Oct. 26, 1992.

SHAW, Judge:

Appellants, Robert Reed and Tony Alexander, were tried jointly. Both appellants were convicted by a jury of trafficking in cocaine, possession of crack cocaine with intent to distribute, conspiracy to traffic in cocaine, and conspiracy to possess crack cocaine with intent to distribute. Additionally, appellant Alexander pleaded guilty to possession of an unlawful pistol, while appellant Reed was acquitted of this charge. Both appellants were sentenced to 26 years imprisonment for trafficking in cocaine, 15 years for possession of crack cocaine with intent to distribute and two 5-year terms for each count of conspiracy. Appellant Alexander also received a 1-year suspended sentence for possession of an unlawful weapon. We affirm in part, reverse in part and remand.

Two issues are presented to us on appeal. The appellants contend the trial judge erred in finding the police had legally sufficient cause to stop the vehicle in which they were traveling and the evidence seized as a result of the stop thus should have been suppressed. They further contend the trial judge erred in ruling he could not consider the Youthful Offender Act in sentencing, as the penalties involved mandatory sentencing. We affirm the trial judge's finding on the legality of the stop and the admission of the evidence in question but reverse the sentence imposed and remand for resentencing under the Youthful Offender Act.

The record reveals the following. On February 9, 1990, around 2:00 a.m., Officer Calvin Smith and Patrolman Robbie Amos were parked in a marked police vehicle in an area of Knight Street in Lake City. Knight Street, made up primarily of several nightclubs, is known for its illegal drug activity and

is considered a problem area with drugs being sold openly. Lt. Smith testified it is the policy of the Lake City Police Department to stop cars on Knight Street and check for drugs when the car has Florida license tags because many dealers from Florida sell drugs on Knight Street. He further stated that Knight Street is not a main street of Lake City but one that you would "have to be trying to get to." Lt. Smith, who has been with the Lake City Police Department for approximately 9 years, and Patrolman Amos, were talking with several individuals they knew. One of the individuals they were talking to yelled "[t]here goes the car" at which point the officers observed a brown car passing through with three males. They noticed the subjects were watching them and observed the car had Florida plates. The officers followed the car as it headed west on Knight Street, turned right onto Church Street and turned left onto Main Street. During this time, the officers observed appellant Reed continuously turning around to look back at the patrol unit.

On Main Street, the officers turned on the blue light to pull the vehicle over. The car pulled over into a parking lane and continued slowly for approximately 50 to 100 yards before pulling into a service station. As the vehicle pulled into the parking lot, the officers observed a small plastic container being thrown from the passenger's side front window. The officers approached the vehicle and Lt. Smith observed while Patrolman Amos retrieved the discarded item which "contained a white rock-like substance believed to be crack cocaine."

Patrolman Amos placed the driver under arrest. Lt. Smith arrested the front passenger, Alexander, after removing a loaded pistol from his beltline. Reed was then removed from the back seat and placed under arrest. The officers then searched the vehicle finding another loaded pistol under the driver's seat, a large quantity of a white rock-like substance in the trunk and a matchbox found in the door jamb on the driver's side. The container thrown from the car, the bags retrieved from the trunk and the matchbox all proved to contain crack cocaine. The total weight of the crack cocaine found was 210.93 grams.

At trial, the appellants sought to suppress this evidence arguing it was the result of an illegal search and seizure. The

trial judge denied the motion to suppress. On appeal, appellants contend the trial judge erred in failing to suppress all evidence from the car and on the ground because the police lacked any reasonable basis for stopping the car. They argue the stop was initiated when the officers activated their blue light, the drugs thrown from the car were irrelevant to whether the officers had the requisite cause to stop the vehicle since they were thrown after activation of the blue light, and, considering the totality of the circumstances confronting the officers at the time of the stop, the officers lacked the requisite basis to make a stop.

Because we find the officers had a reasonable basis for stopping the car before the drugs were even thrown from the window, we do not address whether the stop occurred, and the appellants were thus seized for purposes of the Fourth Amendment, upon activation of the blue light or at the point where the vehicle actually came to a stop.

In *State v. Culbreath*, 300 S.C. 232, 387 S.E. (2d) 255 (1990) our Supreme Court held as follows.

> The correct standard is that the police may briefly detain and question a person upon a reasonable suspicion, short of probable cause for arrest, that he is involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. (2d) 889 (1968). In *Terry*, the Court recognized that law enforcement authorities may briefly stop and detain persons if the officer has a reasonable basis to believe that the individual in question has committed or is about to commit a crime.

In assessing whether a stop was permissible under the Fourth Amendment, the trial judge must consider the totality of the circumstances before the officer and whether these circumstances raise a suspicion that the particular individual being stopped is engaged in criminal activity. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed. (2d) 621 (1981). When all the facts before us are viewed objectively, we find there was a reasonable basis for the stop when the officers activated the blue light. Although it is the policy of the Lake City police to stop vehicles with Florida license plates found on Knight Street, here, this was only one of several reasons for the police officers' interest in the vehicle. The officers first

became aware of the car after a third party pointed it out and only then did they notice the Florida tags. The officers observed the vehicle in a high crime area during the early morning hours. This particular area was known for its disposition toward criminal activity, especially in that dealers from Florida were known to sell drugs on Knight Street. The officers did not stop the car immediately, but followed it for some distance, noticing that the back-seat passenger kept turning around to watch them.

Appellants next contend the trial judge erred in finding he could not sentence them under the Youthful Offender Act because the penalties involved mandatory sentencing. We agree.[1]

Following conviction of appellants by the jury, counsel for Alexander requested the court to consider imposing a sentence under the Youthful Offender Act. The trial judge stated, "I cannot do it, counsel. Under the law I'm not allowed to do that because of the provision here insofar as the mandatory term." After a statement by Reed's attorney and Alexander's father on their behalf, the trial judge stated again he could not consider the Youthful Offender Act. The court then imposed concurrent sentences on both appellants.

A person who is between the ages of seventeen and twenty-five at the time of conviction is a youthful offender under S.C. Code Ann. § 24-19-10(d) (1989). § 24-19-10(f) (1989) provides that a conviction, for purposes of the Youthful Offender Act, is a guilty verdict or plea to a criminal charge which carries a sentence of imprisonment for at least one year, unless the maximum sentence is death or life imprisonment. Therefore, the legislature has specifically prohibited the imposition of a Youthful Offender Act sentence for a conviction which carries a sentence of less than one year or a maximum sentence of death or life imprisonment. Because the legislature has specifically excluded Youthful Offender Act sentences for certain offenses, our Supreme Court has concluded the legislature intended the Youthful Offender Act to apply to youthful offenders guilty of all other offenses. Thus,

---

[1] Although counsel for Alexander raised the issue of the Youthful Offender Act, a reading of the record indicates the ruling applied to both Alexander and Reed and any attempt by counsel for Reed to argue this position would have been futile.

unless specifically excluded by statute, the Youthful Offender Act applies to youthful offenders. *State v. Burton*, 301 S.C. 305, 391 S.E. (2d) 583 (1990). In the instant case, both appellants were 19 years of age at the time of their convictions. Although the crack cocaine statutes in question carry mandatory sentences, they do not exclude sentencing under the Youthful Offender Act. *See* S.C. Code Ann. § 44-53-375 (Supp. 1991). Thus, the trial judge was not precluded from sentencing appellants under the Youthful Offender Act. Accordingly, we reverse and remand for resentencing pursuant to S.C. Code Ann. § 24-19-50 (1976).

Affirmed in part, reversed in part and remanded.

BELL and CURETON, JJ., concur.