589 S.E.2d 787

**The STATE, Respondent,**

v.

**Ervin WILLIAMSON, Appellant.**

**No. 3700.**

Court of Appeals of South Carolina.

Submitted Sept. 8, 2003.

Decided Nov. 24, 2003.

508

Assistant Appellate Defender Aileen P. Clare, of Columbia, for appellant.

Teresa A. Knox, Deputy Director for Legal Services, Tommy Evans, Jr., Legal Counsel, J. Benjamin Aplin, Legal Counsel, S.C. Dept. of Probation, Parole and Pardon, for respondent.

BEATTY, J.:

Ervin Williamson pled guilty to second-degree burglary (non-violent) and received a sentence of ten years imprisonment, suspended upon the service of three years imprisonment and five years probation. Williamson appeals the trial court's decision to revoke his probation based, in part, on a subsequent charge. We affirm.

## FACTS

In November 1994, Williamson pled guilty to second-degree burglary in Edgefield County and was sentenced to ten years confinement, suspended to service of three years confinement and five years probation. In September 2001, Williamson was arrested on a criminal domestic violence of a high and aggravated nature ("CDVHAN") charge. As a result, Williamson was charged with violating the conditions of his probation. At the revocation hearing, Williamson proclaimed his innocence to the court, but his attorney advised him not to discuss the charge. The circuit court, relying largely on the alleged victim's affidavit and pictures of her injuries, found that Williamson had violated his probation and that he was "guilty of actual violence" and "in violation of his financial responsibility." The court revoked 120 days of Williamson's suspended sentence. The written order stated that the reasons for revocation were: (1) violation of a "Federal, State, or Local Law," (2) failure to obey conditions of supervision—including payment of fines, restitution, and other payments, and (3) failure to follow the advice and instructions of his supervising agent. Williamson appeals.

## ISSUE

Did the trial court abuse its discretion when it revoked Williamson's probation where Williamson was arrested for

criminal domestic violence but had not been convicted? [1]

## STANDARD OF REVIEW

The decision to revoke probation is in the discretion of the circuit court judge. *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct.App.1999). "This [C]ourt's authority to review such a decision is confined to correcting errors of law unless the lack of legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capricious." *Id.*

## LAW/ANALYSIS

Williamson argues there was an insufficient evidentiary basis to establish that he had violated conditions of his probation because he had not been convicted of the CDVHAN charge. We disagree.

"Probation is a matter of grace; revocation is the means to enforce the conditions of probation." *Id.* at 648, 511 S.E.2d at 97. However, the authority of the court to revoke [probation] may not be capriciously or arbitrarily exercised, but should always be predicated upon an evidentiary showing of fact tending to establish violation of the conditions. *State v. White*, 218 S.C. 130, 135, 61 S.E.2d 754, 756 (1950). "Before revoking probation, the circuit judge must determine if there is sufficient evidence to establish that the probationer has violated his probation conditions." *Hamilton*, 333 S.C. at 648–49, 511 S.E.2d at 97.

At the probation revocation hearing, the state explained that Williamson had been arrested on a CDVHAN charge involving his mother. To support its claim that Williamson had committed the act, the state introduced the mother's affidavit, her voluntary statement, and photographs of her injuries. In the documents, she stated that Williamson had cut her on the arm with a knife. The state also produced evidence that Williamson had stopped making restitution payments.[2]

---

1. The additional alleged violations are either directly related to the alleged CDV charge or the record does not reflect a finding of a willful violation.

2. The trial court did not find that Williamson's failure to make restitution payments was willful, so Williamson's probation could not have

Williamson proclaimed his innocence as to the domestic violence charge but admitted that he was in arrears on his restitution payments due to a prior period of incarceration. He then invoked his right to silence on the advice of his counsel. On appeal, Williamson argues that the trial court erred in revoking his probation because he had not been convicted of the CDVHAN charges. However, that fact is not decisive.

In *State v. Gleaton*, 172 S.C. 300, 174 S.E. 12, 14 (1934), our Supreme Court, when faced with similar circumstances, reasoned:

> If the defendant's breach of the conditions appears by the record of his conviction, the circuit judge may act upon the production of this record, unless the defendant shall deny his identity or allege *nul tiel* record. If it does not appear as a matter of record, but has to be determined upon an investigation of the facts, the circuit judge would have the right to take testimony and determine the question himself, or frame an issue to be decided by a jury, or hold the matter in abeyance until the defendant shall have been tried upon the charge.

(citing *State v. Sullivan*, 127 S.C. 186, 121 S.E. 47, 52 (1923) (Cothran, J. dissenting)). The Court, however, cautioned "that the circuit judge [should] hesitate to take upon himself the responsibility of deciding the guilt of the defendant under these circumstances, and that the safest course to pursue would be to hold the matter in abeyance until a jury shall have passed upon the charge." *Id.*

Here, the trial court heard testimony and determined that Williamson committed an act of violence against his mother. Since there was a sufficient evidentiary basis to support the finding, we conclude that the trial court did not abuse its

---

been revoked on that ground. *See Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97 ("[P]robation may not be revoked solely for failure to make required payments of fines or restitution without the circuit judge first determining on the record that the probationer has failed to make a bona fide effort to pay. In the absence of such a determination, a defendant's due process rights are contravened by the deprivation of his constitutional freedom. Therefore, in those cases involving the failure to pay fines or restitution, the circuit judge must, in addition to finding sufficient factual evidence of the violation, make an additional finding of willfulness.").

discretion when it revoked Williamson's probation. *See State v. Clough,* 220 S.C. 390, 400, 68 S.E.2d 329, 334 (1951) (sustaining the revocation of the appellant's probation, where appellant had not been officially charged with assault and battery because "there [was] sufficient evidentiary showing of fact tending to support the conclusion reached by [the trial court] that the appellant committed an assault and battery ... thereby violating ... his suspended sentence.").

Having decided that the trial court did not err when it revoked Williamson's probation because of the CDVHAN charge, we need not address the additional revocation grounds.

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.