THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Eddie Norris, Jr., Appellant.
 
 
 

Appeal From Laurens County
 James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-578
Submitted October 1, 2005  Filed November 7, 2005    

AFFIRMED

 
 
 
 Assistant Appellate Defender Tara S. Taggart, Office of Appellate Defense, of Columbia, for Appellant.
 J. Benjamin Aplin, Assistant Chief Legal Counsel, S.C. Dept. of Probation, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Eddie Norris, Jr., appeals the revocation of his probation.  We affirm.
FACTS
 In March 2003, Eddie Norris, Jr. (Appellant) was indicted for criminal domestic violence of a high and aggravated nature (CDVHAN) in regard to a violent incident between he and his wife, Gina Norris.  Appellant pled guilty and was sentenced to ten years imprisonment, suspended upon service of six months imprisonment and three years probation. 
In August 2004, an arrest warrant was issued for Appellant citing the following probation violations:

 By failing to report as instructed by his supervising agent in that the offender did not report for his scheduled monthly report on 12-3-03; [b]y failing to report as instructed for his scheduled DNA testing date in that the offender did not report for DNA testing on 12-10-03 as instructed by his supervising agent; [b]y moving from his approved residence without the consent of his agent in that the offender moved from his approved residence of 8180 Old Milton Rd. in Clinton to an unapproved residence . . . ; [b]y there being probable cause that the offender committed CDV on or about 12-5-03 which is a violation of the laws of the state and a violation of his probation; [b]y failing to pay towards his court ordered surcharge and being $12.00 in arrears at the time of this warrant; and by failing to follow the advice and instructions of his supervising agent.

Following a hearing on the alleged violations, the circuit court specifically found Appellant violated his probation by failing to report as ordered, moving from his approved residence, and violating the laws of this state.  The court revoked the probation in full and reinstated nine years and six months of his initial sentence.  This appeal followed.
LAW / ANALYSIS
Appellant contends the circuit erred in revoking his probation because he was denied due process.  Specifically, Appellant argues the circuit court abused its discretion by basing the revocation on allegations of domestic abuse that were not corroborated by criminal charges.  We disagree.
Appellants probation revocation was based on several grounds, including failure to report to scheduled meetings; yet the present appeal addresses only the allegation of criminal domestic violence.  Because Appellant did not appeal the alternative grounds of revocation, they are the law of case and are, in themselves, adequate grounds for the revocation.  See Sloan v. Dept. of Transp., 365 S.C. 299, __, 618 S.E.2d 876, 880 (2005) (The failure to appeal an alternative ground of the judgment below will result in affirmance.); State v. Williamson, 356 S.C. 507, 510, 589 S.E.2d 787, 788 (Ct. App. 2003) (holding a circuit court may revoke a probationary sentence upon an evidentiary showing of fact tending to establish a violation of the conditions).  For this reason, the revocation of Appellants probation is
AFFIRMED.
ANDERSON, HUFF, and WILLIAMS, JJ., concur.