THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Faith Draper, Appellant.
 
 
 

Appeal From Lexington County
  Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-338
Submitted September 1, 2006  Filed September 21, 2006

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III , of Columbia, for Appellant.
John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Faith Draper appeals the revocation of her probation arguing the circuit court lacked subject matter jurisdiction.  We affirm.[1]   
FACTS
In April 2002, Draper pled guilty to grand larceny in Richland County.    She was sentenced to five years imprisonment, suspended upon the service of probation for five years.  At the time of her arrest, Draper was a resident of Lexington County.  Her case was transferred to Lexington county to supervise her parole.    
Subsequently, Draper moved to Florida.  In June 2002, Lexington County issued an arrest warrant for Draper for violating the conditions of her probation.  In July 2002, Draper returned to Lexington County for a violation hearing.  Draper was allowed to continue probation and given permission to move to Florida.  The Lexington County Probation Office was handling Drapers probation case.    
In December 2002, Draper was again charged with violation of probation.  A probation revocation hearing was held on September 17, 2004, in Lexington County.  The circuit court found Draper willfully violated the terms of her probation and revoked two years of her active sentence.  This appeal followed.  
STANDARD OF REVIEW
The decision to revoke probation is in the discretion of the circuit court judge. 
State v. Williamson, 356 S.C. 507, 510, 589 S.E.2d 787, 788 (Ct. App. 2003).  This Courts authority to review such a decision is confined to correcting errors of law unless the lack of legal or evidentiary basis indicates the circuit judges decision was arbitrary and capricious.  Id.  
LAW/ANALYSIS
Draper argues the circuit court was without jurisdiction to revoke her probation pursuant to section 24-21-450 of the South Carolina Code (Supp. 2005).  We disagree.  
This issue is not preserved for our review.  Admittedly, [i]ssues related to
subject matter jurisdiction may be raised at any time.  State v. Laney,
367 S.C. 639, 649, 627 S.E.2d 726, 732 (2006).  However, the issue raised by Draper does not involve subject matter jurisdiction, but rather goes to venue.   Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. 
Coon v. Coon, 364 S.C. 563, 566, 614 S.E.2d 616, 617 (2005).  On the other hand, venue is the place or geographical location of trial and refers to the county where the action should be brought. 
Whaley v. CSX Transp., Inc., 362 S.C. 456, 468, 609 S.E.2d 286, 292 (2005).  Drapers argument involves venue because she asserts Lexington County was not the proper county, i.e. geographical location, to hold the probation revocation hearing.  Accordingly, this issue is not preserved because Draper failed to raise the defense of improper venue to the circuit court.  See 
Holroyd v. Requa, 361 S.C. 43, 65-66, 603 S.E.2d 417, 429 (Ct. App. 2004) (holding a defense of improper venue may be waived if not made by motion under Rule 12, SCRCP, or raised as an affirmative defense in a responsive pleading).  
This issue also fails on the merits.  First, the circuit court had subject matter jurisdiction to hold a probation revocation hearing. See S.C. Const. art. V, § 11 (The Circuit Court shall be a general trial court with original jurisdiction
in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law.).  
In addition, venue was proper in Lexington County.  Sections 24-21-410 through 460 of the South Carolina Code (Supp. 2005) deal with probation.  Under section 24-21-460, the court which imposed the probationary sentence or the court where the probation violation occurs may revoke the probation.  State v. Carter, 298 S.C. 304, 306, 379 S.E.2d 905, 906 (1989).  In this case, the record indicates Drapers probation had been transferred to the Lexington County Probation Office.  Also, Draper was a resident of Lexington County at the time of her original arrest and at the beginning of her probation sentence.  Under section 24-21-460, the circuit court in Lexington County was the court where the probation violation occurred and, thus, a proper venue for handling Drapers revocation hearing. 
CONCLUSION
Based on the above, we find the circuit court had jurisdiction to revoke Drapers probation.  The circuit courts decision is accordingly 
 AFFIRMED. 
ANDERSON, KITTREDGE, and SHORT, JJ., concur.      

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.