639 S.E.2d 680

**The STATE, Respondent,**

v.

**Eddie PAULING, Appellant.**

**No. 4193.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2006.

Decided Dec. 21, 2006.

436

———————

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

John Benjamin Aplin, of Columbia, for Respondent.

STILWELL, J.:

Eddie Pauling appeals the revocation of his probation. We affirm.[1]

## FACTS

While on probation, Pauling was arrested for assault and battery with intent to kill and pointing and presenting a firearm. At the time of his probation revocation hearing, Pauling had not been tried on these charges. At the hearing, the State relied on the arrest warrants and affidavits of police officers and investigators. Relying on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Pauling argued a revocation based on a mere allegation violated his right to confrontation. The trial court found the protection afforded in *Crawford* does not apply to probation revocation proceedings.

## STANDARD OF REVIEW

The determination of whether or not to revoke probation is within the trial court's discretion. *State v. Proctor*, 345 S.C. 299, 301, 546 S.E.2d 673, 674 (Ct.App.2001). "This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capri-

———————

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

cious." *State v. Hamilton,* 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct.App.1999).

## LAW/ANALYSIS

■ Pauling argues the circuit court erred in revoking his probation in violation of his right to confront witnesses. We disagree.

■ "Probation is a matter of grace; revocation is the means to enforce the conditions of probation." *Id.* at 648, 511 S.E.2d at 97. "Thus, before revoking probation, the circuit judge must determine if there is sufficient evidence to establish that the probationer has violated his probation conditions." *Id.* at 648–49, 511 S.E.2d at 97. However, a probationer facing revocation is afforded only minimal due process. *See State v. Hill,* 368 S.C. 649, 654–60, 630 S.E.2d 274, 277–80 (2006) (providing an extensive discussion of the issue). Probation revocation is not a criminal prosecution and the defendant is not entitled to "the full panoply of rights." 23 C.J.S. *Criminal Law* § 1517 (2006). For instance, our supreme court recently held that the disclosure rights under Rule 5, SCRCrimP, and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), do not apply to probation revocation hearings. *State v. Hill,* 368 S.C. 649, 654–59, 630 S.E.2d 274, 277–80 (2006). Likewise, in *State v. Franks,* 276 S.C. 636, 639–40, 281 S.E.2d 227, 228 (1981), the court held "the Fourth Amendment's requirement that a magistrate issue an arrest warrant does not apply to a warrant for violation of probation conditions." The court stated in *Franks:*

> So there is quite a difference between a criminal prosecution and a probation revocation hearing. The courts have, accordingly, recognized that the rights of an offender in a probation revocation hearing are not the same as those extended him by the United States Constitution upon the trial of the original offense.

> The United States Supreme Court has held a parolee is still in custody because he faces significant confinement and restraint even though he is no longer within the four walls of prison. . . .

> We think that while a person convicted of a crime is still restrained within the confines of his probation, he does not

enjoy the same unfettered constitutional privileges available to those not so confined. It is elementary that while conviction and imprisonment do not strip the violator of his rights, those privileges are severely diminished.

*Id.* at 639, 281 S.E.2d at 228.

Applying similar reasoning, we find no reason to extend the right to confront witnesses to a probationer in a revocation proceeding. "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'" *Crawford v. Washington,* 541 U.S. 36, 42, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (quoting U.S. Const. amend. VI). In *State v. Williamson,* this court affirmed the revocation of probation based on a criminal charge that had not resulted in a conviction. 356 S.C. 507, 509–512, 589 S.E.2d 787, 788–89 (Ct.App.2003). The court found a sufficient evidentiary basis to support the trial court's finding that the terms of probation were violated despite the lack of prior conviction on the criminal charge. *Id.* at 511–12, 589 S.E.2d at 789. The following year, the United States Supreme Court banned out-of-court testimonial statements from criminal trials unless the witness is unavailable to testify, and the defendant had a prior opportunity to cross-examine the witness. *Crawford,* 541 U.S. at 53, 124 S.Ct. 1354.

Pauling essentially argues *Williamson* was overruled by *Crawford.* We disagree. The Seventh Circuit Court of Appeals recently addressed a similar challenge, stating:

*Crawford* changed nothing with respect to revocation hearings.... [R]evocation hearings are not 'criminal prosecutions' for purposes of the Sixth Amendment, so the 'full panoply of rights due a defendant in such a proceeding' does not apply. This 'full panoply of rights' is precisely the list of protections found in the Sixth Amendment, which by its terms applies only to criminal prosecutions. Because revocation proceedings are not criminal prosecutions, Sixth Amendment rights are not implicated.... *Crawford* dealt with the introduction of testimonial hearsay at a criminal trial—a 'criminal prosecution[ ],' as that term is used in the Sixth Amendment. The Supreme Court did not mention revocation hearings ... in *Crawford;* nothing in the case

can be read to suggest that ... revocation proceedings should now be characterized as 'criminal prosecutions' within the meaning of the Sixth Amendment.

*U.S. v. Kelley,* 446 F.3d 688, 691–92 (7th Cir.2006).

We recognize that *Crawford* heightened the awareness of the importance of the confrontation clause in criminal proceedings. However, like the Seventh Circuit Court of Appeals, we decline to extend the *Crawford* analysis to probation revocation proceedings. Absent direction from our supreme court, we will not deviate from the long tradition of limiting a defendant's rights in probation revocation proceedings, where the evidence is often limited to the testimony of a probation officer or, as is the case here, affidavits of victims or police officers. Based on the record before us, we find sufficient evidence to support the trial court's finding of Pauling's probation violations. Accordingly, the order on appeal is

**AFFIRMED.**

GOOLSBY and KITTREDGE, JJ., concur.