THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ricky Lafayette Murray, Appellant,
 v.
 State of South Carolina a/k/a Department of Corrections, Respondents.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2010-UP-229
 Submitted March 1, 2010  Filed April 1,
2010    

AFFIRMED

 
 
 
 Ricky L. Murray, pro se, of Greenville, for
 Appellant.
 Russell  Harter, Jr., of Greenville, for
 Respondents.
 
 
 

PER CURIAM: 
 Ricky L. Murray filed a complaint with
 the circuit court against the State of South Carolina and the South Carolina
 Department of Corrections, alleging he was unlawfully arrested by a parole
 officer for a parole violation.  The circuit court granted summary judgment on behalf of the State and the Department
 of Corrections.  Murray appeals, arguing the circuit court erred in finding: (1)
 he pled guilty to possession of crack cocaine in 1994 and the arrest warrant
 relied on this alleged offense for probable cause; and (2) his parole arrest
 warrant was valid without the signature of an impartial judicial officer.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.  
1. As to whether the circuit court
 erred in finding Murray pled guilty to possession of crack cocaine and such
 alleged offense supplied the arrest warrant with probable cause:  Doe
 v. Roe, 369 S.C. 351, 376, 631 S.E.2d
 317, 330 (Ct. App. 2006) ("An issue is not preserved where the trial court
 does not explicitly rule on an argument and the appellant does not make a Rule
 59(e) motion to alter or amend the judgment.").  
2. As to whether the circuit court erred in finding the
 parole arrest warrant valid: 
 S.C. Code Ann. § 24-21-680 (2007) (providing "the parole agent must issue a warrant or citation charging the
 violation of parole");  Gagnon v. Scarpelli, 411 U.S. 778, 781 n.3
 (1973) ("Despite the undoubted minor differences between probation and
 parole . . . revocation of probation where sentence has been imposed previously
 is constitutionally indistinguishable from the revocation of parole.");  State
 v. Franks, 276 S.C. 636, 639-40, 281 S.E.2d 227, 228 (1981) (holding the
 Fourth Amendment's requirement that a neutral, detached magistrate issue an
 arrest warrant did not apply to a warrant issued by a probation officer for
 violations of probation conditions); State v. Hamilton, 333 S.C. 642,
 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("This court's authority to review
 such a decision is confined to correcting errors of law unless the lack of a
 legal or evidentiary basis indicates the circuit judge's decision was arbitrary
 and capricious."). 
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.