**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

O'Neal Bernard Byrdic, Jr., Appellant.

Appellate Case No. 2014-001675

————————

Appeal From Lexington County
Edward B. Cottingham, Circuit Court Judge

————————

Unpublished Opinion No. 2016-UP-120
Heard February 9, 2016 – Filed March 2, 2016

————————

**AFFIRMED**

————————

Appellate Defender John Harrison Strom, of Columbia,
for Appellant.

Matthew C. Buchanan, of the South Carolina Department
of Probation, Parole & Pardon Services, of Columbia, for
Respondent.

————————

**PER CURIAM:** O'Neal Bernard Byrdic, Jr., appeals from the partial revocation
of his probation, arguing the probation court failed to provide him with the
opportunity to testify in his own defense, present evidence, call witnesses, or cross-

examine a witness. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) (allowing courts to examine moot issues that are capable of repetition, yet evading review); *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (holding that while due process rights require a hearing when a probation violation is alleged, that hearing does not rise to the level of a trial); *id.* (concluding the probation process "should be flexible enough to consider evidence including letters [and] affidavits that would not be admissible in an adversary criminal trial"); *State v. Franks*, 276 S.C. 636, 639, 281 S.E.2d 227, 228 (1981) ("[T]here is quite a difference between a criminal prosecution and a probation revocation hearing. The courts have, accordingly, recognized that the rights of an offender in a probation revocation hearing are not the same as those extended him by the . . . Constitution upon the trial of the original offense." (citation omitted)); *id.* ("[W]hile a person convicted of a crime is still restrained within the confines of his probation, he does not enjoy the same unfettered constitutional privileges available to those not so confined. It is elementary that while conviction and imprisonment do not strip the violator of his rights, those privileges are severely diminished."); *State v. Pauling*, 371 S.C. 435, 438-39, 639 S.E.2d 680, 682 (Ct. App. 2006) (explaining revocation proceedings are not criminal prosecutions; thus, Sixth Amendment rights are not implicated); *State v. Hill*, 368 S.C. 649, 658, 630 S.E.2d 274, 279 (2006) ("Instead of requiring proof beyond a reasonable doubt, probation is properly revoked upon an evidentiary showing of facts *tending to establish* a violation."); *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) (revoking probation is within the sound discretion of the trial court judge).

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

**THOMAS, J., concurring:** I concur with the majority opinion. I write separately because I believe this appeal is moot to boot. During the pendency of this appeal, Appellant's sentence expired, and he was released from prison. Thus, his appeal is moot because this Court's judgment will have no practical legal effect upon the existing controversy. *See Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. This is true when some event occurs making it impossible for the reviewing Court to grant effectual relief." (brackets removed)). Further, I do not believe

this issue meets the standard of being capable of repetition, yet evading review because many probation revocations subject the probationer to multiple years of additional incarceration, which would allow ample time for appellate review.  *See Nelson v. Ozmint*, 390 S.C. 432, 434-35, 702 S.E.2d 369, 370 (2010) (finding the repetition exception applicable because SCDC's interpretation of a statute subjected "most" inmates to one additional year of incarceration, which would expire prior to appellate review).