**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kivven Jett Thompson, Appellant.

Appellate Case No. 2018-000724

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-048
Submitted January 1, 2020 – Filed February 12, 2020

———————

**AFFIRMED**

———————

Robert T. Williams, Sr., of Williams, Stitely & Brink, PC, of Lexington, for Appellant.

Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Kivven Jett Thompson appeals his probation revocation, arguing the circuit court erred by (1) denying his motion for a continuance and (2) revoking his probation when the review process used to extend his probation was faulty and

led to his confusion as to whether he was on probation. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."); *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."); *State v. Preslar*, 364 S.C. 466, 473, 613 S.E.2d 381, 385 (Ct. App. 2005) ("In order for an error to warrant reversal, the error must result in prejudice to the appellant."); *State v. Pauling*, 371 S.C. 435, 437, 639 S.E.2d 680, 681 (Ct. App. 2006) ("[A] probationer facing revocation is afforded only minimal due process."); *id*. ("Probation revocation is not a criminal prosecution and the defendant is not entitled to 'the full panoply of rights.'" (quoting 23 C.J.S. *Criminal Law* § 1517 (2006))); *id.* at 438-39, 639 S.E.2d at 682 (holding the Sixth Amendment right to confront witnesses is not implicated in a probation revocation proceeding).

2. As to issue two: *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("The decision to revoke probation is addressed to the discretion of the circuit judge."); *id*. ("This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capricious."); S.C. Code Ann. § 24-21-110(A) to (C) (Supp. 2019) ("(A) In response to a violation of the terms and conditions of any supervision program operated by the department . . . the probation agent may, . . . as an alternative to issuing a warrant or citation, serve on the offender a notice of administrative sanctions. . . . (B) If the offender agrees in writing to the additional conditions set forth in the notice or order of administrative sanctions, the conditions must be implemented with swiftness and certainty. If the offender does not agree, or if after agreeing the offender fails to fulfill the additional conditions to the satisfaction of the probation agent and his supervisor, then the probation agent may commence revocation proceedings. (C) In addition to the notice of administrative sanctions, a hearing officer with the department may, as an alternative to sending a case forward to the revoking authority, impose on the offender an order of administrative sanctions. . . . The sanctions must be implemented with swiftness and certainty."); *Hamilton*, 333 S.C. at 648, 511 S.E.2d at 97 ("Probation is a matter of grace; revocation is the means to enforce the conditions of probation."); *id*. at 648-49, 511 S.E.2d at 97 ("[B]efore revoking probation, the circuit judge must determine if there is sufficient evidence to establish that the probationer has violated his probation conditions."); *id*. at 649,

511 S.E.2d at 97 ("It is only when probation is revoked *solely* for failure to pay fines or restitution that a finding of willfulness is mandatory.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.