**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Casey Lee Combs, Appellant.

Appellate Case No. 2024-001992

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-025
Submitted January 2, 2026 – Filed January 28, 2026

———————

**AFFIRMED**

———————

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Casey Lee Combs appeals the circuit court's order revoking his probation. On appeal, he argues the circuit court abused its discretion when it revoked his probation without making any findings of fact or articulating a standard of review. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion when it revoked Combs's probation because a sufficient evidentiary basis supported the circuit court's finding that he had violated the terms of his probation. *See State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) ("The determination of whether to revoke probation in whole or part rests within the sound discretion of the [circuit] court."); *id.* at 94, 634 S.E.2d at 656 ("An appellate court will not reverse the [circuit] court's decision unless that court abused its discretion."); *id.* ("An abuse of discretion occurs when the [circuit] court's ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the [circuit] court is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case, such that it may be deemed arbitrary and capricious."); *id.* at 94, 634 S.E.2d at 655 ("The [circuit] court must determine whether the State has presented sufficient evidence to establish that a probationer has violated the conditions of his probation."); *State v. Hill*, 368 S.C. 649, 658, 630 S.E.2d 274, 279 (2006) ("[P]robation is properly revoked upon an evidentiary showing of facts *tending to establish* a violation."); *State v. Pauling*, 371 S.C. 435, 439, 639 S.E.2d 680, 682 (Ct. App. 2006) (indicating that in probation revocation hearings, "the evidence is often limited to the testimony of a probation officer or . . . affidavits of victims or police officers"); *State v. Williamson*, 356 S.C. 507, 509-12, 589 S.E.2d 787, 788-89 (Ct. App. 2003) (concluding a sufficient evidentiary basis supported the circuit court's finding that the appellant had violated the conditions of his probation when he had been arrested on a charge but had not been convicted of that charge).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.